THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ADOLPH SCHMIDT, Appellant.

Agricultural Law — action for penalty for sale of adulterated vinegar — when defense that vinegar sold was imported and not subject to statute, is not tenable.

In an action to recover a penalty for the sale of adulterated vinegar in violation of section 70 of the Agricultural Law (Cons. Laws, ch. 1), defended upon the ground that the vinegar was imported

and that, under the commerce clause of the Constitution of the United States (Art. 1, § 8, subd. 3), the prohibition cannot be applied thereto, it appeared that the sale by the defendant was not in the original package in which it was imported nor was such sale the original sale by the importer. *Held,* that defendant did not establish a sale in the original package of a legitimate article of commerce, and he has thus failed to bring himself under the protection of the Federal Constitution.

*People* v. *Schmidt,* 171 App. Div. 954, affirmed.

(Argued May 3, 1916; decided May 12, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 3, 1915, which affirmed a determination of the Appellate Term affirming a judgment of the Municipal Court of the city of New York in favor of plaintiff.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Moses Esberg* for appellant.    Does the Agricultural Law of the state of New York apply to foreign foodstuffs? If it does expressly or impliedly embrace foodstuffs imported from foreign countries it is to that extent invalid. (*Brown* v. *State of Maryland,* 12 Wheat. 442; *People* v. *Buffalo Fish Co.,* 30 Misc. Rep. 137; 164 N. Y. 93; *Bowman* v. *Chicago & N. W. Ry. Co.,* 125 U. S. 482.) Without the express permission of Congress, no state can lawfully interfere with the exclusive power of the Federal government over interstate or foreign commerce. (U. S. Const. art. 1, § 8; *Leisy* v. *Hardin,* 135 U. S. 100; *People* v. *Buffalo Fish Co.,* 30 Misc. Rep. 133; *Bowman* v. *Chicago & N. W. Ry. Co.,* 125 U. S. 507; *Schollenberger* v. *Pennsylvania,* 171 U. S. 1; *Waterbury* v. *Egan,* 3 Misc. Rep. 357.) The use of artificial coloring in food products, when not deleterious and used for no fraudulent purpose, is not within the condemnation of the statute. (*People* v. *Niagara Fruit Co.,* 75 App. Div. 14; *People* v. *Arensberg,* 103 N. Y. 388; *People* v. *Marx,* 99 N. Y. 377.)

17

*Egburt E. Woodbury, Attorney-General (Robert P. Beyer* of counsel), for respondent. Section 70 of the Agricultural Law is not in conflict with the commerce clause of the Federal Constitution. (*People* v. *Girard*, 145 N. Y. 105; *Plumley* v. *State*, 155 U. S. 461; *People* v. *Niagara Fruit Co.*, 75 App. Div. 11; 173 N. Y. 629; *People* v. *Von Kampen*, 210 N. Y. 381; *People ex rel. Silz* v. *Hesterberg*, 211 U. S. 31.)

Pound, J. This is an action to recover a penalty for the sale of adulterated vinegar in violation of section 70 of the Agricultural Law. The adulteration consisted in the introduction of harmless artificial coloring matter, and the sale was by a retailer of a bottle bought by him from the wholesaler who imported the vinegar in barrels and cases. That the sale of vinegar containing artificial coloring matter not injurious to health may be prohibited by the state was held in *People* v. *Girard* (145 N. Y. 105), but it is urged that this prohibition cannot, under the provisions of the Constitution of the United States (Art. 1, § 8, ¶ 3) giving Congress power to regulate commerce with foreign nations and between the states, be applied to the sale of imported vinegar. The right doubtless exists to import and sell pure and unadulterated vinegar *in the original package*, free from any restriction which might be imposed by the state on such sale (*Leisy* v. *Hardin*, 135 U. S. 100), but when the imported article is once sold, it becomes mingled in the common mass of property within the state and subject to the laws thereof. The vinegar sold by appellant was not in the original package in which it was imported, for the bottle was taken out of the case, nor was the sale by appellant the original sale by the importer, nor do the authorities sustain the contention that the state is powerless to prevent the sale of vinegar adulterated by artificial coloring matter, even when it is imported from a foreign country or state and sold in the original package.

(*Plumley* v. *Mass.*, 155 U. S. 461.)  *People* v. *Buffalo Fish Co.* (164 N. Y. 93) construes our Game Law and has no application here.  (*People . ex rel. Silz* v. *Hesterberg*, 184 N. Y. 126; 211 U. S. 31.)  Appellant has not established (a) a sale in the original package (b) of a legitimate article of commerce, and he has thus failed to bring himself under the protection of the Constitution of the United States.  (*Crossman* v. *Lurman*, 171 N. Y. 329.)

The judgment should be affirmed, with costs.

Willard Bartlett, Ch. J., Chase, Collin, Cuddeback, Cardozo and Seabury, JJ., concur.

Judgment affirmed.