THE PEOPLE OF THE STATE OF NEW YORK on the Relation of JOHN J. BENNETT, JR., as Attorney-General of the State of New York, Appellant, against STERLING AMHERST FARMS DAIRY, INC., Respondent.

Fourth Department, March 17, 1943.

*John J. Bennett, Jr.*, Attorney-General (*Henry Epstein* and *Vincent Kiebala* of counsel), for appellant.

*Frank J. Ryan* for respondent.

CROSBY, P. J. The State of New York brought this action to recover $500 penalty against the defendant, under the provisions of the Agriculture and Markets Law.

The complaint alleges that defendant sold one quart of liquid called " Freshway Orange Drink " contained in a bottle and sealed with a metal cap, " bearing the following legend: "

" Sterling Amherst Farms Dairy, Inc.
4949 Main St., Buffalo
Freshway
Orange
Drink

" A delicious stillwater beverage combining fresh shredded whole oranges, orange juice, fruit acid, cane sugar and color."

The complaint further alleges that such sale was in violation of article 17 of the Agriculture and Markets Law, and that defendant, by reason of such sale, became liable to plaintiff in the penal sum of $500.

The answer admits everything alleged in the complaint, excepting the two conclusions: (1) that defendant had violated the law, and (2) that it owed the plaintiff the amount demanded as a penalty.

A jury trial was had. At the end of the whole case the court granted defendant's motion for a dismissal of the complaint, and granted defendant a judgment for costs. The plaintiff has appealed from that judgment.

Appellant's brief raises two points: (1) "The question of deception was one for the jury to determine," and (2) "The testimony of defendant's witness, George J. Weckerle was an admission of the deception prohibited by the statute."

No "deception" was either alleged or proved. The complaint alleges, and the proof shows, that the legend on the cap of the bottle truthfully stated the contents of the bottle.

Appellant lays stress upon the fact that coloring matter was included in the contents of the bottle, but it is nowhere alleged or proved that the coloring matter was harmful in any manner. Upon the trial plaintiff's counsel twice stated that there was no claim that defendant was pretending to sell orange juice and coloring its goods to make it appear to be orange juice. And the complaint alleges, and the exhibit shows that "color" was one of the ingredients contained in the goods sold, and so stated on the bottle cap.

Appellant bases its whole case upon one provision of the Agriculture and Markets Law, and one answer of defendant's witness Weckerle. The law (§ 200, subd. 10) provides: "Food shall be deemed to be adulterated * * * 10. If any substance has been added thereto or mixed or packed therewith so as to increase its bulk or weight, or reduce its quality or strength or make it appear better than it is or of greater value than its true value."

And the testimony, upon which appellant relies is that of Weckerle, an officer of defendant: "Q. So the purpose of the coloring that you place in this drink you sell is to make it more appetizing? A. That is right. Q. To give it a better appearance? A. That is right."

There is nothing in the record that proves that the coloring matter made the drink "appear better than it *is*." From the proof, in this case, a jury could as well find that the coloring matter made the beverage better than it appears as to find that it made the beverage appear better than it is.

The coloring matter did not adulterate the orange juice and other substances that were in the bottle any more than the orange juice and other substances adulterated the coloring matter. None of the substances were claimed to be harmful, and the presence of all of them was frankly disclosed by the legend on the bottle.

The conclusion we reach is supported by the section of the Agriculture and Markets Law next succeeding the section heretofore quoted:

"§ 201. Misbranding of food.

" Food shall be deemed to be misbranded: * * * 11. If it bears or contains any artificial flavoring, artificial coloring, or permitted chemical preservative, unless it bears labeling stating that fact."

Defendant colored its drink with artificial coloring and plainly stated that fact on the bottle.

It is stated in respondent's brief, and not disputed, that the Legislature of 1942 rejected a proposal to amend section 200 by adding subdivision 14, to read as follows: " If, in the case of non-carbonated beverage or a still-water beverage, it contains any added coloring matter."

Appellant relies upon the following cases: (*People* v. *Miller*, 169 Misc. 648; *People* v. *Miller*, 236 App. Div. 846 and *People* v. *Treichler*, 178 App. Div. 719).

The two *Miller* cases were prosecuted under a provision of the Sanitary Code of New York City which provided that food, if colored, was deemed to be adulterated.

And the *Treichler* case was one in which, unlike the instant case, the product was mislabelled.

The judgment should be affirmed with costs.

Dowling, J. (dissenting). I think the beverage was adulterated and misbranded within the meaning of section 200, subdivision 10 and section 201, subdivision 11. The jury could have found that the beverage was misbranded because the label failed to disclose to the purchaser that the coloring was artificial and they could have found that the beverage was adulterated because the coloring used was designed to make the purchaser believe that the orange content was greater than it really was and that the beverage was better than it really was. The trial court had no right to limit the issue to the allegations of the third paragraph of the complaint. The jury could have found that the addition of the coloring matter, which added nothing to the virtue of the beverage, was designed to defraud the public. (*People* v. *Girard*, 145 N. Y. 105; *People* v. *Schmidt*, 218 N. Y. 256; Report of the Attorney-General [1906], pp. 385, 391; *People* v. *Luhrs*, 195 N. Y. 377, 384.) The statute in question seeks to protect the people, especially children, from eating and drinking harmful foods. If the defendant were straightforward, it would have specified on its label that the coloring was artificial. I think the case was for the jury.

All concur with Crosby, P. J., except Dowling, J., who dissents and votes for reversal and for granting a new trial. Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

Judgment affirmed, with costs.