THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RUFUS A. LEARNARD, Appellant.

County Court, Montgomery County, December 10, 1952.

*Roger H. Williams* for appellant.

*Clinton S. Cole, District Attorney (Milburn D. Smith* of counsel), for respondent.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *John C. Crary, Jr.,* of counsel), for Commissioner of Motor Vehicles of the State of New York, *amicus curiæ,* in support of respondent's position.

AULISI, J.   This is an appeal from a judgment of conviction from a Court of Special Sessions held in the village of Fort Plain, Montgomery County, New York, on May 20, 1952, convicting the defendant of the crime of operating a motor vehicle and trailer on a public highway of this State without the same being duly registered as required by subdivision 1 of section 11 of the Vehicle and Traffic Law.

The decision turns on the construction of subdivisions 1 and 3 of section 51 of the Vehicle and Traffic Law.  That provision, based on reciprocity and comity, is as follows: '' Except as otherwise provided in subdivision three of this section, the provisions of this chapter relative to the registration and equipment of motor vehicles, motor cycles and trailers and the display of registration numbers shall not apply to a motor vehicle, motor cycle or trailer owned by a non-resident of this state, provided that the owner thereof shall have complied with the provisions of the law of the foreign country, state, territory or federal district of his residence relative to registration and equipment of such motor vehicle, motor cycle or trailer, as the case may be, and the display of registration numbers thereon, and shall conspicuously display his registration numbers as required thereby. The provisions of this subdivision, however, shall be operative as to a motor vehicle, motor cycle or trailer owned by a non-resident of this state only to the extent that under the laws of the foreign country, state, territory or federal district of his

residence like exemptions and privileges are granted to motor vehicles, motor cycles and trailers duly registered under the laws of and owned by residents of this state ".

Subdivision 3 of section 51, among other things, provides: That the exemptions provided in subdivision 1 of section 51, shall not apply to a motor vehicle or trailer, nor to the driver thereof, which is operated on any public highway of this State " *to transport persons or property for hire or profit from one point in this state to another point in this state* ". (Italics supplied.)

Thus, the question is, was the defendant operating an unregistered motor vehicle and trailer on the public highways of this State and engaged in transporting property for hire or profit from one point in the State to another point in the State?

It is conceded that both the tractor and trailer were duly registered in the States of Rhode Island and North Carolina, respectively, and bore proper registration numbers issued by said foreign States and that all provisions of reciprocity had been complied with, and that the tractor and trailer were entitled to the benefit of the exemptions provided in section 51 of the Vehicle and Traffic Law, unless operating in intrastate commerce.

On April 4, 1952, the defendant, a resident of the State of New York and an employee of the Associated Transport, Inc., was in the act of delivering a shipment of eleven packages of freight, which had been picked up by the said Associated Transport, Inc., from Butler Bros., in Baltimore, Maryland, on April 1, 1952, to be delivered to a merchant in Fort Plain, New York. The said corporation maintains a terminal at Utica, New York, and the freight in question had arrived at the terminal sometime prior to April 4, 1952.

The shipment of the eleven packages of goods originated in Maryland and was consigned to a consignee at Fort Plain, New York. They started out as interstate commerce. Did they cease to be such and become intrastate commerce while in transit to the place of their destination? I think not.

The provisions of section 51 of the Vehicle and Traffic Law are aimed at protecting intrastate commerce from being appropriated by non-State-registered foreign carriers. If this shipment originated in Utica, New York, and was transported by defendant as charged, the situation would be different.

The goods were in packages, and remained as such at the Utica terminal, were delivered to no one, were at all times in possession of the carrier and were brought to the Utica terminal

for further transportation to Fort Plain, New York. The goods were in transit at the Utica terminal the same as if forwarded to Fort Plain without stop on the original truck. They were in no sense intrastate shipments. They were not within the true meaning of the exception cited in section 51 of the Vehicle and Traffic Law.

The goods were not transported from one point in this State to another point in this State. There was no original point in this State where the carriage began. The goods were at all times in interstate transit and their presence at the Utica terminal was but an incident in that transit. The carriage of the goods from the Utica terminal to Fort Plain in no way interfered with or violated intrastate commerce. The tractor-trailer was entitled to the full benefit of the exemptions provided in section 51 of the Vehicle and Traffic Law.

The interstate commerce clause of the Federal Constitution is supreme and binding on the States. No State can burden interstate commerce by local law or regulation.

The goods being at all times in the custody and control of the interstate carrier and temporarily at the Utica terminal, and remaining at the Utica terminal in their original packages, and not delivered to any one, were interstate commerce in uncompleted transit and delivery.

The power of a State to exclude foreign corporations is subject to the freedom of interstate commerce. (*International Text Book Co.* v. *Tone,* 220 N. Y. 313; *Western Union Tel. Co.* v. *Kansas,* 216 U. S. 1.)

A State may regulate its internal commerce as it chooses, but it has no jurisdiction to interfere with or impose burdens on interstate commerce. The State has so exempted interstate carriers from the registration requirements of the Vehicle and Traffic Law. Defendant here was entitled to the benefit of that exemption.

The goods remained at all times interstate commerce. (*Coe* v. *Errol,* 116 U. S. 517; *Leisy* v. *Hardin,* 135 U. S. 100; *People* v. *Schmidt,* 218 N. Y. 256.) While these goods were in the hands of the foreign carrier, in the form and shape in which they were introduced, they may be regarded as merely *in transitu* and on their way to their destination. (*Nor. Pac. Ry.,* v. *Washington,* 222 U. S. 370; *People* v. *Horton Motor Lines,* 281 N. Y. 196.) Carriage by defendant's employer's truck is interstate commerce and the tractor and trailer are interstate trucks. The tractor and trailer were instrumentalities of interstate commerce not

subject to State regulation. The police power of the State cannot draw within its jurisdiction objects which lie beyond it. (*Leisy* v. *Hardin,* 135 U. S. 100, *supra.*) The goods were intact in their original packages and had not become commingled with the common mass of property of the State at the Utica terminal and were *in transitu* to Fort Plain, New York.

There was a single freight charge, one waybill, the contract of carriage was not made in New York and the contract was for the transportation of these goods from the point in Maryland to a definite point in New York, to wit, Fort Plain, New York. No part of the tariff can be definitely allocated to the Utica-Fort Plain transfer. The charge was indivisible. (*People* v. *Horton Motor Lines,* 281 N. Y. 196, *supra*; *Leisy* v. *Hardin,* 135 U. S. 100, *supra*; *Plumley* v. *Massachusetts,* 155 U. S. 461; *Bowman* v. *Chicago Ry. Co.,* 125 U. S. 465, 507.) The tractor and trailer were subject to Federal regulation being engaged in interstate commerce.

The Attorney-General cites *South Carolina Hwy. Dept.* v. *Barnwell Bros.* (303 U. S. 177) and *Matter of Ajax Trucking Co.* v. *Browne* (272 App. Div. 1087, affd. 298 N. Y. 736, appeal dismissed 337 U. S. 951) as to the authority of the States over their streets and highways and as to their power of taxation. These cases do not touch the point involved here. The point is, that the defendant under the reciprocity and exemption clauses of section 51 of the Vehicle and Traffic Law was protected as he was not engaged in intrastate commerce as contemplated by said section. I am clearly of the opinion that the goods in question were interstate commerce and were being delivered as such as part of the original contract of transportation, and that the intrastate commerce of the State was in no way invaded.

In view of the above conclusion, the other questions raised by the appellant are not considered.

The conviction of defendant appealed from should be and hereby is reversed, the information dismissed, the defendant discharged and the fine remitted.

An order may be submitted accordingly.