McBRIDE, Judge.
Plaintiff, Joseph P. Conlon, alleges that during the scope and course of his employment with Gluck’s, Inc., on the afternoon of June 12, 1957, he fell and in *824 jured himself while descending the stairway from the second to the first floor in said corporation’s restaurant in New Orleans, and that as a result of the accident, he has been totally and permanently disabled from doing work of any reasonable character. He claims he is entitled to certain benefits under the Workmen’s Compensation Act, LSA-R.S. 23:1021 et seq. Plaintiff directed his suit against his said employer and its liability insurer, and after a trial below the suit was dismissed and plaintiff has appealed. The judgment recites that the trial judge was of the opinion that the plaintiff’s employment with Gluck’s Inc., was not hazardous and therefore not covered by the provisions of the Compensation Statute.
Plaintiff was employed in the capacity of host in the restaurant on the ground floor, and his duty was to- meet patrons who entered the dining room and to see to it that they were properly seated and served. Plis counsel undoubtedly conceding that the operation of a restaurant business is not a hazardous pursuit and that a person employed in such business is not. embraced within the terms of the Compensation Act, maintains that the business operated by Gluck’s, Inc., has a hazardous feature in that it operates a power bakery on the second floor thereof and that the plaintiff’s occupational duties required that he come in contact with this hazardous portion of the business and the machinery used in connection therewith. Plaintiff testified that in addition to seating patrons in the dining room and supplying their needs, it was his duty to supervise the colored help employed in the restaurant and to deliver messages for Mr. Gluck, whom he called the proprietor, and also for the general manager. These duties, he claims, required his presence at times on the second floor where the power bakery was located, in order that he might consult with the colored help and also to deliver the messages to the employee in charge of the bakery. Pie claims he was injured while attempting to return from the second floor to the restaurant proper after he had proceeded to the second floor for the purpose of reprimanding a bus boy who had been guilty of an infraction of the rules.
The only description of the appliances used in the bakery on the second floor was supplied by Lussan, the baker, and his testimony is that the only machine used in connection with the bakery is a cake mixer which is powered by electricity. Neither the type nor size thereof is shown by his testimony.
Defendants make several defenses to the suit, but we will pretermit all except one, and that defense is that even if it be assumed that the electrically-powered cake mixer operated on the second floor constitutes a “power bakery” and a hazardous business within contemplation of LSA-R.S. 23 :1035, then plaintiff was not engaged in such hazardous phase or portion of the business and his occupation as host in the dining room never required his presence on the second floor and his duties did not require that he at any time come into contact with any equipment used in connection with the alleged bakery.
We make no decision on the question whether the operation of the cake mixer would characterize the bakery a hazardous pursuit. Even if it could be said this portion of the business was of a hazardous nature within the intendment of the Act, plaintiff would not be entitled to workmen’s compensation for the simple reason the evidence is convincing beyond any shadow of doubt that he was employed only in a nonhazardous portion of the business, to wit, the dining room and kitchen located on the ground floor, and was not employed, nor called upon, to come into contact with any of the activities on the second floor.
One of the cooks testified that he had never known plaintiff to go upstairs to the second floor; the assistant manager stated that plaintiff, under rules laid down by the general manager, had no right to be any place except in the dining room or the kitchen and he had no business upstairs. The witness said, “That is not his job at *825 all.” The general manager pointed out that plaintiff’s duties were those of host and that he had no orders to go to the second floor and it would be most unusual for him to be upstairs. Another of the hosts in the restaurant testified that his duties were identical with those of plaintiff, and he was not required to work on the second floor and that he knows plaintiff’s job did not necessitate his presence on the second floor. The president of Gluck’s, Inc., stated that the plaintiff had no duties which would bring him into contact with mechanical or electrically-operated equipment; that his duties were merely to seat patrons of the restaurant.
The law is well settled to the effect that where an employer’s main or primary business is nonhazardous, but some features ■of it partake of a hazardous nature and one •of his employees is engaged in both parts of the work, an injury sustained by such employee may be compensable even though it should occur when he is engaged in the .performance of his duties in the nonhazardous part. However, the employee must be engaged in both features of the work or at least it should be made to appear that his services are occasionally connected either directly or indirectly with the hazardous part of the business. Where his occupational duties are wholly disassociated from the hazardous feature of the business, the employee’s injury and resulting disability is not compensable under the Statute. Fontenot v. Fontenot, 234 La. 480, 100 So.2d 477, and cases there cited.
The case of Rigsby v. John W. Clark Lumber Co., La.App., 28 So.2d 346, cited and relied upon by plaintiff, has no application here because the bookkeeper who was injured had, in addition to his office work, the duty of attending to the company’s gasoline filling station and he was also required to deliver messages and orders to the sawyer at the company’s sawmill. In -other words, there was an employment in both the hazardous and nonhazardous parts •of his employer’s business.
But that situation does not exist here. The plaintiff in the instant case was not employed in a hazardous portion of his employer’s business even conceding arguendo there is a hazardous phase thereof. The conclusion of the trial judge is correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.