ROGERS, J.
 

 This is a proceeding by plaintiff under the Workmen’s Compensation Law to obtain compensation for the death of her husband while in the employ of the defendant company.
 

 The defendant company operates and maintains, in connection with its hotel business, and under the same roof, a power-plant, waterworks, lighting system, and power-driven freight and passenger elevators.
 

 Plaintiff’s deceased husband was the chief bell boy in the hotel operated by the defendant. His general duties in said employment, as shown by the evidence, were to supervise the other bell boys; to assist in handling the baggage of guests when other bell boys were not available, and in their absence to' perform such other work as is commonly performed by bell boys; to operate elevators, freight and passenger, instruct new elevator operators, make minor repairs or adjustments to the electric switch controlling the elevators, and, frequently, to go on errands to the engine room of the defendant hotel company.
 

 In the performance of his duties of handling the baggage of guests of defendant’s,hotel, deceased was bx-ought into contact with taxicab drivers and public chauffeurs. In an altercation with one of these taxicab drivers, arising out of a dispute over the carrying of baggage, plaintiff’s husband, was shot and killed.
 

 Plaintiff avers that her husband was killed as a result of an accident arising out of, and in the course of, his employment. She alleges that the defendant company is engaged in a hazardous occupation, and, recognizing its responsibility under the Employers’ Liability Law, it effected insurance, and posted notices, in accordance with the provisions of the act.
 

 Defendant denied that it was engaged in a hazardous occupation within the terms of the statute, and, in the alternative, denied that any recovery could be had by plaintiff for the reason that her husband was shot as the result of the willful intention on his part to injure another.
 

 The district court rendered judgment in plaintiff’s favor for $3.99 per week for 300 weeks, together with $100 for surgical and hospital services, and $100 for funeral expenses. The Court of Appeal reversed this judgment, and rejected plaintiff’s demand, and plaintiff then applied to this court for certiorari or writ of review. The application was granted, and the case is now before us.
 

 The Court of Appeal in its opinion found, and we think correctly, that the deceased was engaged in part in hazai-dous occupations, and in part in nonhazardous occupations in the performance of his duties about the hotel. The court stated that, if the plaintiff’s husband had been killed while he was engaged in one of his duties of a hazardous nature, she would be entitled to compensation, but, in view of the fact that the major portion of the deceased’s duties were nonhazardous, and that it was while in the discharge of duties in the nonhazardous line of his employment he met his death, plaintiff was not entitled to relief.
 

 The clear--cut issue therefore presented by this case is whether, when an employee is engaged in both hazardous and nonhazardous branches of the same employment, and he is killed while performing his customary duties, as the result of a quarrel arising out of the nonhazardous branch of his employment, his widow is entitled to compensation under the statute.
 

 
 *1033
 
 The Court of Appeal has given the statute a narrow and technical, rather than the liberal, construction intended and contemplated by the lawmaker, and as expressed in numerous decisions of this court.
 

 The Employers’ Liability Act (No. 20 of 1914), under subsection 2 of section 1, 'applies to the following:
 

 “Every person performing services arising out of and incidental to his employment in the course of his employer’s trade, business or occupation,” etc.
 

 In the present case, plaintiff’s husband was admittedly engaged in both hazardous and nonhazardous branches of his employer’s business. It was all one employment for which he received but one compensation. Therefore, it is immaterial whether his nonhazardous duties constituted his major employment to which his hazardous duties were merely incidental, or vice versa. The fact remains that the deceased met his death while actually engaged in performing duties, whether main or incidental, called for by his employment.
 

 In the State of New York, whose compensation statute (Consol. Laws, e. 67) is similar to the Louisiana law, the Court of Appeal held, in a ease in some respects analogous to the present one, that the injured employee was entitled to compensation. See Larsen v. Paine Drug Co., 218 N. Y. 252, 112 N. E. 725. In that case the employee was actually performing work in a nonhazardous branch of his employment when injured. The court said, 218 N. Y. 256, 112 N. E., at page 727 of the opinion:
 

 “We feel perfectly secure, however, in holding that where, as in this ease, an employee is injured while performing an act which is fairly incidental to the prosecution of a business and appropriate in carrying it forward and providing for its needs, he or his dependents are not to be barred from recovery because such act-is not a step wholly embraced in the precise and characteristic process or operation which has been made the basis of the group in which employment is claimed.”
 

 The shooting, and subsequent death, of plaintiff’s husband grew out of a dispute which arose over the carrying of baggage, which was a specific part of his duties. It was therefore an accident caused by the tort of a third person, which, under section 7, is contemplated by the statute. See Dyer v. Kapides Lumber Co., 154 La.
 
 1091, 98
 
 So. 677, the principles enunciated in which were affirmed in Ferguson v. Cady-McFarland Gravel Co., 156 La. 871, 101 So. 248.
 

 The defense that deceased’s death was due to a willful intention on his part to injure another was not sustained by the evidence. The dispute between deceased and the taxicab driver occurred in front of the hotel. At its conclusion, deceased returned to the hotel lobby where he was engaged near the clerk’s desk in making entries in a book which he was required to keep. While thus occupied, he was approached by the taxicab driver, who had after the altercation in front of the hotel removed h'is ear to its usual parking place, and had then returned and entered the lobby of the hotel apparently for the purpose of renewing the quarrel, and, after some further words had passed between them, the taxicab driver drew his gun and fired twice at deceased, who had started to retreat before' the first shot was fired, and was actually running away when the second shot was fired. Deceased, who was struck by both bullets, was unarmed at the time.
 

 The cases of Dewey v. Lutcher-Moore Lumber Co., 151 La. 672, 92 So. 273, and Shipp v. Bordelon, 152 La. 795, 94 So. 399, cited by counsel for defendant, have no application to the issues involved in the present controversy.
 

 It is our conclusion that the judgment of the district court, which awarded plaintiff 30 per cent, of the wages of her deceased husband, based on a remuneration of $57 per month, excluding tips, and an allowance of $200 for medical and funeral
 
 *1035
 
 services, is correct and should be reinstated and affirmed.
 

 Pretermitting the legal question of whether or not tips may be considered as a part of an employee’s wages in' awarding compensation, we are unable to consider them as a basis for an allowance in this case, for the reason that plaintiff has not satisfactorily established the amount of the tips received by her deceased husband; the testimony on that point consisting entirely of hearsay.
 

 For the reasons assigned, the judgment of the Court of Appeal is annulled and set aside, and it is now ordered that the judgment of the district court be reinstated and affirmed at defendant’s cost.