For the reasons assigned the judgment appealed from is affirmed.

102 So.2d 461

Mrs. Edna VIATOR, Widow of Arthur J. LUCE

v.

NEW HOTEL MONTELEONE, Inc. and American Mutual Liability Insurance Company.

No. 43452.

April 21, 1958.

Rehearing Denied May 26, 1958.

Thomas Barr, III, New Orleans, for plaintiff and appellant-relator.

Chaffe, McCall, Phillips, Burke & Hopkins; Nolan Kammer, New Orleans, for defendants-respondents.

HAMITER, Justice.

A writ of certiorari was granted in this cause so that we could review the judgment of the Court of Appeal, Orleans Circuit, which affirmed a decree of the district court denying the claim of plaintiff for benefits under the Louisiana Workmen's Compensation Law on the ground that the statutory provisions were inapplicable to her.

The facts are undisputed. Plaintiff, Mrs. Edna Viator, was employed by the New Hotel Monteleone, Inc., one of the defendants herein (the other being its insurer), as an inspectress. In that position she was obliged to supervise maids in the care of approximately one hundred hotel rooms situated on six floors and, in carrying out her duties, to travel frequently each day from floor to floor by means of an electrically powered freight elevator owned and maintained by the hotel. The alleged injury for which she seeks compensation resulted from an accident that occurred, during the scope and course of her employment, as she alighted from the elevator. Plaintiff was not required to, and she did not, operate such equipment.

The conducting of a hotel business is not hazardous per se. However, as we pointed out in Fontenot v. Fontenot, 234

La. 480, 100 So.2d 477, 480, "* * * an occupation or a business not hazardous per se becomes amenable to the provisions of the Workmen's Compensation Law, and the employer is required to pay benefits to an injured employee under certain circumstances, if it entails the operation of mechanized equipment * * * as a necessary incident thereto. * * *" See also Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303; Robinson v. Atkinson, 198 La. 238, 3 So.2d 604; Collins v. Spielman, 200 La. 586, 8 So.2d 608; Reagor v. First National Life Insurance Company, 212 La. 789, 33 So.2d 521; Griffin v. Catherine Sugar Company, 219 La. 846, 54 So.2d 121; and Meyers v. Southwest Region Conference Association of Seventh Day Adventists, 230 La. 310, 88 So.2d 381. Moreover, the statute specifically provides that it applies to every person performing services arising out of and incidental to his employment in the course of his employer's business wherein freight or passenger elevators are maintained and operated. LRS 23:1035.

■ Here the defendants urge, and the district court and Court of Appeal held, that since plaintiff was employed wholly in the nonhazardous portion of her employer's business she is not covered by the provisions of the compensation act. But our jurisprudence has given a far broader interpretation to the statute than is thus contended for. It is now well settled that an employee is covered *where he is regularly exposed to or is frequently brought in contact with the hazardous feature of the business,* even though he is primarily engaged in the nonhazardous part. Reagor v. First National Life Insurance Company, Griffin v. Catherine Sugar Company (rode to and from work in a motor vehicle as a passenger), Meyers v. Southwest Region Conference Association of Seventh Day Adventists, all supra; and Richardson v. Crescent Forwarding & Transportation Company, Ltd. (engaged in loading and unloading trucks), 17 La.App. 428, 135 So. 688, Snear v. Eiserloh (same as in Richardson case), La.App., 144 So. 265, Crews v. Levitan Smart Shops, Inc., (rode in an automobile as passenger to perform duties of sales woman), La.App., 171 So. 608, Washington v. Sewerage and Water Board of New Orleans (served as water boy), La. App., 180 So. 199, and Ryland v. R. & P. Construction Company (served as night watchman), La.App., 19 So.2d 349. In all of the cited Court of Appeal cases except the Snear case writs of certiorari were denied by this court. Incidentally, the author of this opinion did not originally agree with such a broad interpretation. However, the Legislature has for years permitted it to go unchallenged, and it must now be accepted as being correct and proper.

■ Indisputably, the duties of this plaintiff required that she frequently come

in contact with and be regularly exposed to a hazardous phase of her employer's business—the maintenance and operation of the freight elevator. Consequently, under the mentioned existing jurisprudence of this state she is covered by the provisions of the Workmen's Compensation Law.

The decisions cited in support of the defense urged herein are all from Courts of Appeal. And in only one of them was the writ of certiorari applied for, it being Harrington v. Franklin's Stores Corporation of New Iberia, La.App., 55 So.2d 647. But there the sole issue was whether the appliances used by the plaintiff in connection with her duties (a vacuum cleaner and an electrically powered steam iron) were sufficient to render the employer's business amenable to the provisions of the compensation statute. The Court of Appeal held that they were not, being only such instrumentalities as might be found in most up-to-date homes. The decision, hence, is unapplicable here.

In affirming the judgment that dismissed this suit the Court of Appeal, of course, did not determine the nature or extent of the injuries sustained by plaintiff and other issues raised by the pleadings. Therefore, according to our practice, we shall remand the case to that court for a determination of the remaining questions.

See Meyers v. Southwest Region Conference Association of Seventh Day Adventists.

For the reasons assigned the judgments of the district court and the Court of Appeal are reversed and set aside, and the case is remanded to the latter tribunal for further proceedings according to law and consistent with the views herein expressed. Defendants shall pay the costs of this appeal. The assessing of all other costs is to await the final determination of the litigation.