118 So.2d 500 (1960)
Anna Lee LE BLANC, Plaintiff-Appellee,
v.
NATIONAL FOOD STORES OF LOUISIANA, INC., et al., Defendants-Appellants.
No. 4948.
Court of Appeal of Louisiana, First Circuit.
February 1, 1960.
Rehearing Denied March 21, 1960.
*501 Cavanaugh Hickman Brame & Holt, Lake Charles, for appellant.
Nathan A. Cormie, Lake Charles, for appellee.
TATE, Judge.
Defendants, an employer and its compensation insurer, appeal from an award to the plaintiff employee of workmen's compensation benefits for total and permanent disability. The substantial question of this appeal concerns whether the employment in which the plaintiff was injured was hazardous so as to be within the coverage of the Louisiana Workmen's Compensation Act, LSA-R.S. 23:1021 et seq.
The evidence shows that the plaintiff was employed as an assistant manager at the defendant employer's retail grocery store. On March 31, 1956, while putting a detail tape in the under-machinery of an electrical cash register, she was shocked in such a way that she was thrown backward into a steel bin and received a disabling injury to her back. She was paid compensation for almost two years, when compensation payments were terminated based upon the opinion of one of the examining specialists that there were no longer any residual symptoms. Without detailed discussion, we shall state that the preponderance of the evidence supports the trial court's finding that the plaintiff is still totally and permanently disabled from performing her duties, which required extensive standing and walking, by reason of a rupture or a recurrent bulging of a disc in the area of the fifth lumbar interspace of her back, which condition is residual from the accident.
Although the retail grocery business is not by itself hazardous, the plaintiff argues that her own employment was hazardous and included within the coverage of the compensation act because, as a substantial and integral part of her work, she was regularly charged with duties in the operation of the particular type of large cash registers used by the defendant employer requiring her exposure to wires charged with electrical current, during which exposure she did receive an electrical shock which caused her present disability. The plaintiff argues that such integral feature of plaintiff's employment is hazardous within the contemplation of the compensation act, and that her injury sustained as a result of shock from electrically charged apparatus is compensable, since the legislature has specifically denoted as hazardous employments those which include "* * The construction, installation, operation, alteration, removal or repair of wires, cables, switchboards or apparatus charged with electric current. * * *", LSA-R.S. 23:1035.
The evidence shows that the plaintiff, as a regular part of her duties, was required to take out the "detail slips" in the five large cash registers used in the operation of the defendant's supermarket. To do so, she was required to put her hands into the lower part of the machine, where were situated the machine's motor, a condenser, and wires leading to the motor. The wires from the condenser to the motor were "exposed" so that a person touching one of them would receive an electrical shock. (See Tr. 227-228; 229; 233-234.) *502 The plaintiff received her injuries as a result of receiving an electrical shock either from these exposed wires or else from a short circuit in the machine. She stated that the shock was of sufficient force to knock her back against a metal counter. The defendant argues that instead she jumped upon receiving a slight shock, since the normal exposure to electricity in the wires would cause a shock or bump of insufficient force to kill or cause serious injury.
Under these virtually undisputed facts, the question whether the employment in which plaintiff was injured was hazardous so as to be within the coverage of the compensation act.
Plaintiff was required as a regular and integral part of her employment to change the detail slips upon these large cash registers. As a result of these regular duties she was required to work with "apparatus charged with electrical current", which the legislature has specifically classified as being of a hazardous nature. Her employment was thus hazardous so as to be within the coverage of the compensation act. Talbot v. Trinity Universal Ins. Co., La.App. 1 Cir., 99 So.2d 811, certiorari denied. "It is now well settled that an employee is covered where he is regularly exposed to or is frequently brought in contact with the hazardous feature of the business, even though he is primarily engaged in the nonhazardous part", Luce v. New Hotel Monteleone, 234 La. 1075, 102 So.2d 461, 463.
The circumstances that the charge of electrical current to which the plaintiff was normally exposed was not of sufficient strength to kill or to cause serious injury does not remove this feature of her work from its classification by the legislature as hazardous. When the legislature has declared an occupation to be hazardous for purposes of the compensation act, it is not open to the courts to question the classification, or to segregate it into hazardous, covered components and non-hazardous, non-covered components. Guillory v. Coal Operators Cas. Co., La.App. 1 Cir., 95 So.2d 201; Fontenot v. Myers, La.App. 1 Cir., 93 So.2d 245.
Able counsel for defendant cites and relies upon the following cases: Fontenot v. Fontenot, 234 La. 480, 100 So.2d 477, 481; Brownfield v. Southern Amusement Co., 196 La. 73, 74, 198 So. 656; Conlon v. Employer's Liability Assurance Corp., La.App.Orl., 106 So.2d 823; Coleman v. Sears, Roebuck & Co., La.App. 2 Cir., 83 So.2d 469; Brown v. Remington Rand, La.App. 2 Cir., 81 So.2d 121; Harrington v. Franklin's Stores Corp., La.App. 1 Cir., 55 So.2d 647; Wells v. Morgan & Lindsey, La.App. 1 Cir., 42 So.2d 282; Lafleur v. Johnson, La.App. 1 Cir., 37 So.2d 869; Gallien v. Judge, La.App. 1 Cir., 28 So.2d 101.
The principal holding of these cases is that an injury sustained while performing non-hazardous duties of an employment is not compensable because occasionally or indirectly the employee comes into contact with a hazardous feature of it. With regard to electrical fixtures, the Wells and Lafleur cases hold only that an employment does not become hazardous simply because in the work-premises are maintained small appliances driven by enclosed electrical motors, while the Coleman and Harrington cases hold only that an occupation does not become hazardous because an employee is required to plug in or to punch the keys of normal consumer or office electrical appliances.
These cases are all distinguishable from the present. In none of them except the Coleman case [which was subsequently overruled by the Supreme Court[1], was *503 the employee injured as the result of direct contact with a feature of the employment specifically classified by the legislature as hazardous. As Professor Malone has stated in his authoritative treatise, Louisiana Workmen's Compensation Law and Practice, synthesizing the holdings of many cases, Section 98, p. 116: "The employee can recover compensation if at the time of the injury he was engaged in the performance of hazardous duties or was in contact with hazardous features of the business." Save for the overruled Coleman case, we could find no decision that disallowed compensation benefits to an employee whose disability directly resulted from contact with a hazardous feature of his employment.
For the foregoing reasons, the judgment of the District Court awarding the plaintiff compensation is
Affirmed.
NOTES
[1] In the Coleman case, the employee, a clerical worker, who was injured while riding an escalator, was denied compensation. 83 So.2d 469. No writs were applied for to the Supreme Court. However, the Coleman case was followed by the Orleans court in Luce v. New Hotel Monteleone, which also denied compensation to a hotel inspectress required to ride on elevators and injured as a result of such use. La.App., 92 So.2d 730. The Orleans Court was reversed by the Supreme Court, 234 La. 1075, 102 So.2d 461.