124 So.2d 601 (1960)
Kathleen B. RICHMOND, Plaintiff-Appellant,
v.
WEISS & GOLDRING, INC., et al., Defendants-Appellants.
No. 146.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1960.
Rehearing Denied December 14, 1960.
*602 Gold, Hall & Skye, by George B. Hall, Alexandria, for defendants-appellants.
Gravel, Sheffield & Fuhrer, by Camille F. Gravel, Jr., Alexandria, for plaintiff-appellee.
Before TATE, FRUGE and HOOD, JJ.
TATE, Judge.
The plaintiff was awarded workmen's compensation benefits for total and permanent *603 disability. The defendants, her employee and its insurer, appeal; and the plaintiff answers the appeal requesting that, additionally, she be awarded penalties and attorney's fees for an allegedly arbitrary termination of her weekly compensation.
The facts are virtually undisputed. The plaintiff was a clerical worker in an office of the large department store operated by the defendant employer. Although she was employed primarily as a stenographer, her duties also included work as the relief switchboard operator, requiring her to operate the office switchboard regularly for about two hours each day during the absence of the regular operator at lunchtime and otherwise. The plaintiff twisted her back on October 11, 1956 while lifting office records and sustained the injury for which recovery is sought.
Both the accident and the initial disability are not disputed, and in fact the plaintiff was paid workmen's compensation for 2½years. By this appeal, the defendants principally question the trial court's determinations: (a) that the plaintiff's employment was hazardous so as to entitle her to the coverage of our Workmen's Compensation Act, LSA-R.S. 23:1021 et seq.; and (b) that the plaintiff was still disabled at the time compensation payments were terminated in 1959 and at the time of the trial ending in 1960.
Although it is conceded that the operation of a department store is not by itself hazardous, the trial court concluded, correctly in our opinion, that the plaintiff's own employment was hazardous within the contemplation of the compensation statute because, as a regular and daily duty, she was required to operate a switchboard, an occupation specifically classified as hazardous by the act, LSA-R.S. 23:1035.[1]
"It is now well settled that an employee is covered where he is regularly exposed to or is frequently brought in contact with the hazardous feature of the business, even though he is primarily engaged in the nonhazardous part (citations omitted)", Viator v. New Hotel Monteleone, Inc., 234 La. 1075, 102 So.2d 461, 463. (Emphasis supplied by the Supreme Court.) Likewise, as the trial court held, in such instances a disability is compensable even when it is sustained during the performance of the non-hazardous portion of the duties. Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So.2d 303; Talbot v. Trinity Universal Ins. Co., La.App. 1 Cir., 99 So.2d 811; Fontenot v. Myers, La.App. 1 Cir., 93 So.2d 245.
In the above-cited Talbot case, for instance, the plaintiff was employed as an assistant manager and clerk in the operation of a large grocery store, a business again which is not in itself classified as hazardous. Although the principal portion of his duties involved non-hazardous work, the plaintiff as a regular and daily portion of his duties operated an electric meat slicer and grinder during the absence of the butcher at lunch or for other cause, which latter duties the court found were a hazardous feature of his employment for purposes of compensation coverage.[2] The employee's disability resulted from an accident during the performance of the nonhazardous major portion of his duties, when he stooped over to pick up a paper and his back gave way due to a previously latent disease. Not only was compensation awarded the disabled employee, but the compensation insurer's refusal to pay compensation was found to be arbitrary so as to subject it to penalties and attorney's fees.
The defendants-appellants further contend that the present employee's own *604 duties cannot be considered as involving contact with a hazardous feature of her employment because, in fact, this particular switchboard was not dangerous and involved no appreciable possibility of contact with the live electric current or of injury by electrical shock. However, "When the legislature has declared an occupation to be hazardous for purposes of the compensation act, it is not open to the courts to question the classification, or to segregate it into hazardous, covered components and non-hazardous, non-covered components. Guillory v. Coal Operators Cas. Co., La. App. 1 Cir., 95 So.2d 201; Fontenot v. Myers, La.App. 1 Cir., 93 So.2d 245," LeBlanc v. National Food Stores, La.App. 1 Cir., 118 So.2d 500, 502.
Under these authorities, the plaintiff's injury in the course of the non-hazardous portion of her duties was clearly compensable, since her employment was within the coverage of the compensation act because an integral portion of her duties regularly exposed her to substantial contact with a hazardous feature of her employer's business. We do not, therefore, find it necessary to discuss the decisions relied upon by the defendants-appellants in their counsel's exceptionally able brief, many of which are distinguished in the authorities upon which we rely in reaching this decision.
While the plaintiff's present disability is vigorously disputed by the appellants, nevertheless we think that the trial court correctly concluded that the plaintiff has proved by the preponderance of the evidence that she is still disabled, based upon three medical witnesses and the very convincing testimony of five lay witnesses. Although the defendants also contend that the written report of one of these medical witnesses, the late Dr. Gene Caldwell, was inadmissible as being hearsay evidence, the trial court properly received it in evidence under the exception to the hearsay rule which permits consideration of the written reports of deceased persons made in the usual course of their professional duties. Cascio v. Standard Oil Co., La.App. 1 Cir., 32 So.2d 66, 67, certiorari denied; see also 20 Am.Jr. "Evidence" Section 1047.
Finally, the defendants-appellants alternatively contend that the District Court erred in awarding compensation at the maximum weekly rate of $35. It is urged that, in arriving at the weekly wages upon which the compensation rate is based, we should consider only the plaintiff's salary of $225 monthly, so that the plaintiff's compensation rate (65% of her weekly wages) should be $33.80. In arriving at the weekly wage basis, the trial court included as part of the plaintiff's earnings the regular bonuses of not less than $110 annually paid by the employer to its employees, which the defendants-appellants point out were paid as a matter of grace with the employer and not as a matter of contract right.
However, "In computing actual earnings as the beginning-point of wage basis calculations, there should be included not only wages and salary but any thing of value received as consideration for the work, such as tips and bonuses," 2 Larson, Workmen's Compensation Law (1952), Section 60.12. "Any money paid the employee which can be regarded as remuneration or reward for his services should be included in fixing his compensation, irrespective of whether or not the payment was in the form of wages," Malone, Louisiana Workmen's Compensation (1951), Sec. 329, P. 446. Thus, the trial court properly considered bonuses as well as wages in fixing the compensation rate. See Biggs v. Libbey-Owens-Ford Glass Co., La.App. 2 Cir., 170 So. 273.
Insofar as the plaintiff-appellee by answer to the appeal prays that the defendant insurer be assessed with penalties and attorney's fees under LSA-R.S. 22:658 for the arbitrary non-payment of compensation, the evidence shows that the payment of compensation was terminated only after the receipt of a report from an orthopedist to the effect that the plaintiff was no longer disabled from performing *605 her clerical duties. Although counsel argues most persuasively that this final report of this orthopedist, Dr. Daniel Kingsley, represents such a startling reversal of the opinions allegedly (the prior reports are not in the record) expressed by him upon his three earlier examinations as to be an insufficient basis upon which to terminate compensation, after careful study of the record and of all the medical evidence therein we are unable to say that the defendant insurer acted arbitrarily when it terminated compensation after receiving this last report, and we therefore affirm the trial court's denial of penalties. See Martin v. Great American Indem. Co., La.App. 1 Cir., 75 So.2d 415; Watson v. Floyd Electric Co., La.App. 1 Cir., 75 So.2d 361.
For the foregoing reasons, the trial court judgment is
Affirmed.
NOTES
[1] This statutory section provides that among the "hazardous trades, businesses and occupations" covered by the compensation act is "The construction, installation, operation, alteration, removal or repairs of wires, cables, switchboards, or apparatus charged with electrical current". (Italics ours.)
[2] Cf., LSA-R.S. 23:1035, listing as among hazardous occupations "The * * * operation * * * of * * * apparatus charged with electrical current."