SAVOY, Judge.
This is a workmen’s compensation suit by Mrs. Gertrude Honeycutt, who claimed accidental injuries while in the course and scope of her employment as a saleslady with Sears, Roebuck and Company on or about December 23, 1958. Mrs. Honeycutt worked as a saleslady during the two years preceding the alleged accident on December 23, 1958, in the teenage girls’ department of defendant’s store on Bolton Avenue in Alexandria, Louisiana. The nature of Mrs. Honeycutt’s accident was that she fell from a short stepladder as she was getting stock in the stockroom in connection with her duties as a saleslady in the girls’ department.
The defendant denied that plaintiff was entitled to any compensation benefits on the grounds that it was engaged in the business of operating a “department store” which was not hazardous and that none of the work performed by the plaintiff employee was in any respect hazardous.
The district court rejected the demands of plaintiff and dismissed her suit on the grounds that defendant was not engaged in a hazardous business, and that plaintiff was not regularly exposed to any hazardous phase of the defendant’s business. From this judgment, plaintiff has appealed to this Court.
The issues before this Court are:
(1) Is the business of defendant, namely, a general mercantile establishment, hazardous under the provisions of the Louisiana Workmen’s Compensation Act?
(2) If the answer to the first issue is in the negative, may plaintiff recover for injuries received because of services which she rendered to her employer in an alleged hazardous branch of a non-hazardous business?
We will now discuss the first issue. The pertinent provisions of the Louisiana Workmen’s Compensation Act are, in part, as follows :
“The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his employer’s trade, business, or occupation in the following hazardous trades, businesses and occupations:
“The operation, construction, repairs, removal, maintenance and demolition of * * * freight or passenger elevators, * * *. The construction, installation, operation, alteration, removal, or repairs of wires, cables, switchboards or apparatus charged with electrical current.”
It is now well established that under the provisions of LSA-R.S. 23:1035, the operation of a retail general mercantile establishment is not hazardous per se. Stockstill v. Sears, Roebuck and Company (La. App., 2 Cir., 1934), 151 So. 822; Scott v. Dalton Company, Inc. (La.App., 1 Cir., 1941), 1 So.2d 412; Goodman v. National Casualty Company (La.App., 1 Cir., 1943), 15 So.2d 173; Wells v. Morgan & Lindsey, Inc. (La.App., 1 Cir., 1949), 42 So.2d 282; Fields v.. General Casualty Company of America, 216 La. 940, 45 So.2d 85; Harrington v. Franklin’s Stores Corporation of New Iberia (La.App., 1 Cir., 1951), 55 So.2d 647.
It has also been more recently held that the operation of a retail grocery store is not hazardous per se. Talbot v. Trinity Universal Insurance Company (La.App., 1 Cir., 1957), 99 So.2d 811; and, LeBlanc v. National Food Stores of Louisiana, Inc. (La.App., 1 Cir., 1960), 118 So.2d 500.
From an examination of the above authorities, this Court is of the opinion that the business of the defendant in the instant case is not hazardous per se within the meaning of the provisions of LSA-R.S. 23:1035.
*862 We will now discuss the second issue. Counsel for plaintiff contends that even if we hold that the business of defendant was non-hazardous within the meaning of the Louisiana Workmen’s Compensation Act, plaintiff should still recover because she was injured while performing hazardous duties in the non-hazardous business of her employer. Plaintiff alleged in her petition that it was a regular and daily routine part of her employment to operate adding machines, electrical cash registers and frequently ride the electric escalator on the premises where she worked for defendant.
The trial judge made the following findings of fact which we adopt in the instant case:
“The facts in the case are quite simple. Mrs. Honeycutt was required to regularly use an electrical cash register and to replace thereon the tape for customer receipts from time to time. This operation did not involve going into the machine or any contact with the wires through which the current passed. Also, she, on occasion, would use an electrical adding machine in calculating large purchases. Further, from time to time plaintiff would have to go to the office on the second floor in connection with lay-away purchases, the handling of personal checks in excess of $100 and refund transactions involving more than $25. In addition, the ladies’ rest room was on the second floor, as was the employees’ coffee shop to which the personnel went for the twice-daily coffee-brealcs. Access to the second floor was had by means of a stairway and the escalator.
“As to the business use of the escalator, Mrs. Honeycutt’s testimony is indefinite. However, it appears plain that there were four persons on the first floor with authority to approve checks and refunds and that it was only when all were unavailable that Mrs. Honeycutt would be required to contact the office in connection with these matters. Even then she could telephone the office and have someone come down to her department to handle the matter at hand. Additionally, no testimony was given as to the frequency of the up-stairs trips with regard to lay-away purchases.”
In support of his position, counsel for plaintiff relies principally on the cases of Luce v. New Hotel Monteleone, Inc., 234 La. 1075, 102 So.2d 461; LeBlanc v. National Food Stores of Louisiana, Inc., supra; and Richmond v. Weiss & Golding, Inc. (La.App., 3 Cir., 1960), 124 So.2d 601.
In the case of Luce v. New Hotel Monte-leone, supra, the Supreme Court said:
“It is now well settled that an employee is covered where he is regularly exposed to or is frequently brought in contact with the hazardous feature of the business, even though he is primarily enagaged in the nonhazardous part.”
The facts in the Luce case, supra, are that plaintiff was employed by defendant as an inspectress. Her duties were to supervise maids in the care of certain rooms in the New Hotel Monteleone, and in carrying out her duties, she had to travel frequently each day from floor to floor by means of an electrical powered elevator owned and maintained by the hotel. She received an injury and filed suit under the Louisiana Workmen’s Compensation Act. After a trial in the lower court, her suit was dismissed. She appealed to the Court of Appeal, which affirmed the judgment of the district court. She then applied for writs to the Supreme Court, and the judgments of the district court and the court of appeal were reversed. The Supreme Court held that plaintiff was required to frequently come in contact with and be regularly exposed to a hazardous phase of her employment, namely, the maintenance and operation of a freight elevator.
In the case of LeBlanc v. National Food Stores of Louisiana, Inc., supra, the plaintiff was injured when she was shocked by placing a detail tape in the under machinery of an electrical cash register. She was thrown backwards and received a disabling injury to her back. The district court and *863 the Court of Appeal both allowed recovery for the reason that she was required to place her hands in the lower part of the machinery where was situated the machine’s motor, a condenser, and wires leading- to the motor, and the wires from the condenser to the motor were exposed so that a person touching one of them would receive an electrical shock.
In the case of Richmond v. Weiss & Golding, Inc., supra, the plaintiff was a clerical worker in a large department store operated by defendant employer. She was employed primarily as a stenographer, but her duties also included work as a relief switchboard operator, requiring her to operate the office switchboard approximately two hours each day. Plaintiff injured her back while lifting office records. She filed suit against her employer and was awarded compensation by the district court. This was affirmed on appeal. The appellate court found that a switchboard operator was an occupation specifically classified as hazardous under the provisions of LSA-R.S. 23:1035. The court said that where the legislature has declared an occupation to be hazardous for purposes of the compensation act, the courts may not question the classification or segregate it into hazardous and non-hazardous components, and that plaintiff was engaged in the operation of the switchboard, an employment defined as hazardous by the statute, even though the switchboard, in fact, was not dangerous.
The cases above cited by counsel for plaintiff are all distinguishable from the facts in the instant case. In the Luce and Richmond cases, supra, the employment of both plaintiffs was classified as hazardous under the specific terms of the Louisiana Workmen’s Compensation Act, and in each case the court found that the employee performed a substantial part of his duties in a hazardous portion of the business of his employer. In the LeBlanc case, supra, the court said, as a matter of fact, that the exposed wires were of such a nature as to make her employment hazardous.
In the instant case, the facts reveal that while plaintiff did remove the tape from the cash register, she did not come in contact with the exposed parts; and, that she rode the escalator only infrequently.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.