SAVOY, Judge.
This suit was brought by plaintiff against her employer to recover compensation, medical expenses, penalties and attorneys’ fees under the Workmen’s Compensation Act because of an injury received by her while in the course and scope of her employment in February of 1961.
*114 Defendant filed a general denial and further answered the petition stating (1) that its business was not hazardous as defined by LSA-R.S. 23 :1021 et seq.; (2) that plaintiff did not perform any hazardous duties, and therefore, the above sections of the Workmen’s Compensation Act were not applicable to her; (3) that plaintiff suffered no accident while in the course and scope of employment; (4) alternatively, defendant contended that should the court find that plaintiff was injured on the job, that injury was minor and plaintiff had fully recovered from said accident on April 17, 1961; (S) alternatively defendant alleged that should plaintiff recover medical expenses, it be allowed a credit for medical expenses previously paid on behalf of plaintiff; (6) finally, defendant alleged in the alternative that it be allowed a credit for unearned benefits previously paid.
After a trial on the merits, the district judge rejected plaintiffs demands and dismissed her suit. Plaintiff appealed to this Court from said judgment.
The facts of this case are that plaintiff was hired as a saleslady in the corset and foundation department of her employer. Plaintiff was injur'ed when she fell or stepped on the premises of her employer shortly before commencing her work on the date of the accident. When the occasion arose, plaintiff would make alterations so that the garments purchased by her customers would fit them better. In making the alterations, plaintiff used an electrically powered sewing machine such as is commonly used in the home. The alterations were made in the stock room next to the department since all alterations in that particular department were handled exclusively by the employees of that department.
Plaintiff testified that the time consumed in altering the garments depended upon the number of customers requiring alterations so as to properly fit them. The majority of her customers required no alterations. The alterations consisted of taking up seams and “tucks” in the material.
Mrs. Olive Bradbury, a fellow employee, stated that the alterations in said department were limited to brassieres; and that it usually took between four (4) and ten (10) minutes to make said alterations.
In its reasons for judgment the lower court held that there were two (2) primary questions to be resolved in the instant case, namely: (1) whether plaintiff’s duties required her to be exposed or come in contact with any hazardous feature of her employer’s essentially non-hazardous business; (2) that if the answer to the first question was in the affirmative, then the next question presented was whether plaintiff was regularly exposed to or frequently brought in contact therewith (the hazardous feature) to the extent that a substantial part of her duties brought her within the coverage of the law.
The court found that the operation of an electrically powered sewing machine was hazardous under the provisions of LSA-R.S. 23 :1035 of the Workmen’s Compensation Act.
The court also held that the use of said sewing machine to make alterations was an integral part of the duties of the plaintiff. However, recovery was not allowed plaintiff. The trial judge was of the opinion that the use of said sewing machine was not sufficiently substantial to characterize her employment as hazardous. He found, also, that the injury arose while plaintiff was on her way to punch the time clock prior to commencing work shortly after having had a cup of coffee on the premises of her employer on the morning of the accident.
Counsel for appellant, in his brief and on oral argument, concedes that the district judge has thoroughly analyzed the law in the instant case, but argues that he misapplied the law to the facts of this case.
Counsel for plaintiff contends that the test used by the trial judge, namely, the *115 amount of time spent by plaintiff in doing alteration work on the sewing machine, is not the proper one to use in this type of case. He states the proper test to determine whether the employee’s duties are of such a hazardous nature as to bring the employee within the coverage of the law is whether a substantial part of the employment or duties of the employee is hazardous.
In the case of Luce v. New Hotel Monteleone, 234 La. 1075, 102 So.2d 461 (1958), the Supreme Court said:
“ * * * It is now well settled that an employee is covered where he is regularly exposed to or is frequently brought in contact with the hazardous feature of the business, even though he is primarily engaged in the nonhazardous part. * * * ”
As stated by the trial judge, this Court, in the case of Boggs v. Great Atlantic & Pacific Tea Company, (La.App., 3 Cir., 1960), 125 So.2d 419, reviewed the cases on the subject.
It is the opinion of this Court that the work performed by plaintiff on the sewing machine was hazardous within the meaning of the Workmen’s Compensation Act.
We next have to determine whether plaintiff was required to frequently come in contact with and be frequently exposed to a hazardous phase of her employer’s business.
In Luce v. New Hotel Monteleone, supra, the court allowed recovery to plaintiff, stating that she was covered by the provisions of the Workmen’s Compensation law where the facts showed that as an in-spectress she was required frequently every day to travel from floor to floor in the hotel by means of an electrically powered freight elevator and she was actually injured while alighting therefrom.
In the instant case the record reveals that plaintiff was injured before commencing her work on the date of the accident; that she used the sewing machine at infrequent times; and that a substantial part of her duties was not required in the operation of the sewing machine.
The appellate courts of this State have declined to apply the doctrine of Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303, where the hazardous work is not a substantial part of the employment. This was first indicated in Brownfield v. Southern Amusement Company, 196 La. 73, 74, 198 So. 656, and by subsequent decisions of the Supreme Court and the Courts of Appeal of this State.
This Court concludes, as did the-district court, that plaintiff is not entitled to recover compensation and other related benefits under the Workmen’s Compensation Act and the jurisprudence of this State for the reasons stated herein.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.