TATE, Judge
(dissenting).
I respectfully dissent.
The majority finds that the injured plaintiff was exposed to hazardous features of her employment as an integral part of her duties. Nevertheless, the majority denies, recovery because the hazardous work was. “not a substantial part” in time of her employment- — -truly an uncertain and unad-ministerable test.
In the determination of the question before us, the majority has applied no test recognized by the Louisianan Supreme Court. As most recently stated in Luce v. New Hotel Monteleone, 234 La. 1075, 102 So.2d 461, 463: “ * * * It is now well settled that an employee is covered where he is regularly exposed to OR is frequently brought in contact with the hazardous feature of the business, even though he is primarily engaged in the nonhazardous. *116 part. * * * ” (Italics and capitalization mine.)
The majority overlooks that the claimant was “regularly exposed” to hazardous features of her employment as an integral part of her duties, even though perhaps not frequently, and even though perhaps such exposures did not occur during a substantial part of the working hours of every day. Nevertheless, the claimant was employed as a "trained corseteer” to make alterations of the lingerie sold as required by the customers. She was on call (and required by her duties) to make alterations by use of equipment classified as hazardous by our compensation act during all hours of the working day. Had each customer so requested, the claimant could have been required to spend most of her working day in the performance of hazardous duties.
The parent case on the question is Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303. There, in allowing compensation for the death of an employee killed while performing a non-hazardous portion of his duties, the Supreme Court pointed out that the employee was engaged “in both hazardous and nonhazardous branches of his employer’s business. It was all one employment for which he received but one compensation. Therefore, it is immaterial whether his nonhazardous duties constituted his major employment to which his hazardous duties were merely incidental, or vice versa.” 157 La. 1033, 103 So. 304.
As noted in the Luce case, cited above, the employee is covered by the compensation act “where he is regularly exposed to * * * the hazardous feature of the business, even though he is primarily engaged in the nonhazardous part”. This, the latest expression of the Supreme Court on the subj ect, seems to exclude any time-study approach to determine whether or not compensation coverage extends to an employee regularly exposed to hazardous features as an integral part of his employment.
Otherwise stated, an employee injured while performing the nonhazardous portion of his duties is nevertheless within the coverage of the compensation act, if the employee’s occupation requires his exposure to hazardous features of the employment “as a necessary incident thereto”. Fontenot v. Fontenot, 234 La. 480, 100 So.2d 477, 480. See also: Collins v. Spielman, 200 La. 586, 8 So.2d 608; LeBlanc v. National Food Stores, La.App. 3 Cir., 118 So.2d 500, certiorari denied; Talbot v. Trinity Universal Ins. Co., La.App. 1 Cir., 99 So. 2d 811, certiorari denied.
In denying coverage, the majority relies primarily on Brownfield v. Southern Amusement Co., 196 La. 73, 74, 198 So. 656.[1] There, however, the employee injured doing nonhazardous work was held not to be covered because her exposure to the hazardous features of her employment was “occasional and incidental". 198 So. 661. Thus, unlike the present situation, the employee’s performance of hazardous duties was “incidental” to her employment and not an “integral” part thereof.
Likewise, in Boggs v. Great Atlantic and Pacific Tea Co., La.App. 3 Cir., 125 So.2d 419, we denied recovery where the employee’s exposure to the hazardous features of the employment was only occasional— “ ‘every once in a while’ ”, “ ‘in an emergency’ ”, 125 So.2d 420. Ultimately, we held that “occasional operation” of hazardous equipment, 125 So.2d 423, was insufficient to classify the employee’s employment as hazardous, so as to justify his recovery when he was injured in a nonhazardous feature of the work. Again, the employee’s exposure to hazardous features was occasional and sporadic; he was not, as here, specifically employed to perform *117 hazardous duties as an “integral” part of his employment.
In the present instance, as an integral part of her duties, the claimant was on call each minute of the working day to perform duties classified by the legislature as hazardous. This was a recurrent part of her regular duties. She was therefore regularly exposed to hazardous features and accordingly entitled to the protection of our workmens’ compensation act under the well-settled jurisprudence summarized and followed in Luce v. New Hotel Monteleone, cited above.
The real danger of the majority’s holding herein lies in its disregard of established tests as to the coverage of the compensation act in instances such as the present, and in its unsettling substitution of an impractical time-study approach to determine just how many hours of each day are spent in hazardous and how many in non-hazardous features of an occupation. Coverage or not will depend on the variable memories of witnesses as to indefinite matters of which there is usually no objective record.
In the present instance, I think the majority has unwisely failed to apply the settled jurisprudence and accepted principles of compensation law, to the effect that an employee is within the coverage of our workmen’s compensation act whenever he is employed to perform hazardous work as an integral part of his duties and “as a necessary incident thereto” (Fontenot cast at 100 So.2d 480), “even though he is primarily engaged in non-hazardous work” (see Luce at 102 So.2d 463) which takes up less than a substantial proportion of his time.
For these reasons, I respectfully dissent.

. Actually, tlie Brownfield case is not authority for its holding under its facts, because a rehearing was granted and the original opinion was set aside. See the Supreme Court’s recent comment to such specific effect in Meyers v. Southwest Region Conference, etc., 230 La. 310, 88 So. 2d 381.