On Rehearing.
EN BANC.
HOOD, Judge.
We granted a rehearing in this case to reconsider our original conclusion that plaintiff’s employment and the duties which she performed in connection with that employment were of such a nature that she was not covered by the provisions of the Louisiana Workmen’s Compensation Act at the time the accident occurred.
As we pointed out in our original opinion, plaintiff was employed as a saleslady in the corset and foundation department of defendant’s department store. Her duties primarily were to wait on customers and to make sales, but she also was required to make alterations to the garments sold in that department when such alterations were necessary. She made these alterations by using an electrically powered sewing machine. The great majority of her time was spent in waiting on customers and making sales, and only a very small portion of it was occupied in altering garments.
The operation of a general merchandise or department store, such as the one owned by the defendant-employer in this case, is not a hazardous business as defined in the compensation act and it is not hazardous per se. Harrington v. Franklin’s Stores Corp. of New Iberia, La.App. 1 Cir., 55 So.2d 647; Coleman v. Sears, Roebuck & Company, La.App. 2 Cir., 83 So.2d 469; Richmond v. Weiss & Goldring, Inc., La.App. 3 Cir., 124 So.2d 601; Honeycutt v. Sears, Roebuck and Company, La.App. 3 Cir., 146 So.2d 860 (Cert. denied). We held in our original opinion, however, that although defendant’s business was not hazardous within the meaning of the compensation act, the operation of an electrically powered sewing machine constituted a hazardous feature or phase of that business, and we re-iterate that holding here.
The operation of a sewing machine, powered by electricity, requires more than the plugging in of an electrical cord, the turning on of a switch or the pressing of buttons or keys. It requires the manipulation of material under a rapidly moving needle while the machine is running, and thus there is a much greater danger of injury, *118 even to an experienced operator, than is involved in the operation of an electric refrigerator, a vacuum cleaner, a steam iron or office equipment. The cases indicating that some electrically powered household appliances and office machines are not hazardous, therefore, are not applicable here. See Harrington v. Franklin’s Stores Corp. of New Iberia, supra, Leleau v. Jacomine, La.App. 4 Cir., 144 So.2d 921 (Cert. denied); Brown v. Toler, La.App. 1 Cir., 19 So.2d 680; Richardson v. American Employers’ Ins. Co., La.App. 1 Cir., 31 So.2d 527; Boggs v. Great Atlantic & Pacific Tea Company, La.App. 3 Cir., 125 So.2d 419; Honeycutt v. Sears, Roebuck and Company, supra.
The jurisprudence of this State has been established to the effect that although the main business of the employer is neither hazardous per se, nor so declared to be by the compensation act, an employee may be considered to come under the act under some circumstances if in connection with the principal business or occupation, or incidental thereto, the employer conducts a subsidiary line of business that is hazardous, or when there is used in connection with such business machinery or other hazardous appliances or equipment. Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303; Brownfield v. Southern Amusement Co., 196 La. 73, 74, 198 So. 656; Collins v. Spielman, 200 La. 586, 8 So.2d 608; Luce v. New Hotel Monteleone, 234 La. 1075, 102 So.2d 461.
In the instant suit, plaintiff contends that she is covered by the compensation act because she was required as a part of her duties to use the electrically powered sewing machine, and thus she engaged in this hazardous feature of defendant’s business as an “integral” part of her employment. Defendant, on the other hand, contends that plaintiff is not covered by the act because her use of the sewing machine constituted only an occasional or incidental portion of her overall duties and her connection with that hazardous feature of the business cannot be considered as a “substantial” part of her employment. The principal question presented here, therefore, is whether plaintiff’s exposure to or her contact with the hazardous feature of defendant’s business was of such a nature as to entitle her to coverage under, the Workmen’s Compensation Act.
In the landmark case of Byas v. Hotel Bentley, supra, decided in 1924, our Supreme Court awarded compensation for the death of an employee in a nonhazardous business who was killed while performing nonhazardous duties. The decedent was a bellboy and although his general duties were of a nonhazardous nature, he was required to operate elevators, instruct new elevator operators, make minor repairs or adjustments to the electric switch controlling the elevators, and frequently to go on errands to the engine room of the defendant, all of which were hazardous features of the business. In holding that the employment was covered by the compensation act, the court used the following significant language:
“In the present case, plaintiff’s husband was admittedly engaged in both hazardous and nonhazardous branches of his employer’s business. It was all one employment for which he received but one compensation. Therefore, it is immaterial whether his nonhazardous duties constituted his major employment to which his hazardous duties were merely incidental, or vice versa. The fact remains that the deceased met his death while actually engaged in performing duties, whether main or incidental, called for by his employment.” (Emphasis added.)
The rule announced in the Byas case seems to have been modified to some extent a few years later in Brownfield v. Southern Amusement Co., supra. The plaintiff in that case was the manager of a theatre and her principal duties were of a clerical nature. She spent all of Iter working time in the theatre, except for a “few hours each *119 week” which she was required to devote to •the inspection of signs and billboards, and for that purpose she used her own automobile. Also, on occasions when films were not received promptly in Mansfield, she would drive to Shreveport to obtain them or a substitute for them. Her employer’s business was not hazardous per se, and she was injured while engaged in the performance of nonhazardous duties. The Supreme Court held that plaintiff’s occasional use of her automobile was not sufficient to provide her with coverage under the compensation act. In distinguishing that case from other similar cases where compensation had been allowed, the court pointed out that “in all those cases, the employer was either engaged in a hazardous occupation, or the employee’s duties were, to a, large extent, hazardous in their nature.” The court also said:
“ * * * Plaintiff’s occasional use 'Of her own automobile was so remotely «connected with her employer’s business that the effect of holding her oc- ■ cupation a hazardous one would be to place almost every occupation or business in the same category. As business is now conducted, there are few occu- ■ pations in which employees holding positions of absolute safety may not occasionally use their own automobiles, • or even public conveyances in their employer’s business. If plaintiff’s the- ■ ory be correct, all such employers would be subjected to liability under .the Workmen’s Compensation Law.
* * * * * *
“ * * * The leading case on the subject and the one most frequently quoted in support of the doctrine is Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303. There the major portion of the employee’s duties brought him into contact with the machinery used in his employer’s business. Here the case is different. The major portion of plaintiff’s work did not require her to come into contact with automobiles.” (Emphasis added.)
We are uncertain as to the effect which should be given to the holding in the Brownfield case, because a rehearing was granted in it and the case was compromised after it had been argued and submitted on rehearing. In a later case, however, the Supreme Court discussed the Brownfield decision and, although stating that it was not authority, the court seemed to approve of the reasoning and conclusions reached in it. See Meyers v. Southwest Region Conference Association of Seventh Day Adventists, 230 La. 310, 88 So.2d 381.
In Collins v. Spielman, supra, the compensation act was held to apply to a general farm hand, who was injured while performing nonhazardous duties, but whose duties required him to operate a tractor during farming seasons and to deliver milk three times a week by truck. Although there is nothing in that case to indicate the test which should be applied in determining whether there is compensation coverage, we think the facts show that a substantial portion of plaintiff’s work involved the use of hazardous machinery.
In Meyers v. Southwest Region Conference Association of Seventh Day Adventists, supra, a minister was held to be covered by the compensation act after being injured in an automobile accident because he was required to use his automobile “extensively” in his employment. The Supreme Court distinguished that case from the Brownfield decision by pointing out that in the Brownfield case “the use or maintenance of the automobile [was] so remotely connected with the employer’s business as to make the risk from its operation negligible,” whereas the use of an automobile by the claimant in the Meyers case was “an every day affair necessitated by the work of the church.”
In the recent case of Luce v. New Hotel Monteleone, supra, plaintiff was an in-spectress for defendant’s hotel, and as such she was obliged “to travel frequently each day from floor to floor by means of an electrically powered freight elevator owned *120 and maintained by the hotel.” The defendant’s business was essentially nonhazardous, but the use or operation of the elevator was a hazardous feature of that business. Plaintiff was injured as she alighted from the elevator. Under those facts our Supreme Court, in holding that she was entitled to benefits under the compensation act, said:
“ * * * It is now well settled that an employee is covered zvhere he is regularly exposed to or is frequently brought in contact with the hazardous feature of the business, even though he is primarily engaged in the nonhazardous part.

“Indisputably, the duties of this plaintiff required that she frequently come in contact with and be regularly exposed to a hazardous phase of her employer’s business — the maintenance and operation of the freight elevator. Consequently, under the mentioned existing jurisprudence of this state she is covered by the provisions of the Workmen’s Compensation Law.”
In the Luce case, unlike the facts in the Byas, the Brownfield and the Collins cases and unlike the facts in the instant suit, the plaintiff was injured while she was engaged in performing the hazardous portion of her work. The court, nevertheless, based its decision that there was coverage on the fact that she frequently came in contact with and was regularly exposed to the hazardous phase of the business. There is no question but that the operation of the hazardous freight elevator constituted a substantial portion of her employment.
In Fontenot v. Myers, La.App. 1 Cir., 93 So.2d 245, plaintiff was held to be covered by the compensation act because his “major employment” was in the hazardous portion of his employer’s business, and his duties in the nonhazardous portion were “incidental” to his major employment. The Brownfield case was distinguished on the ground that there the plaintiff performed only “occasional acts” in the hazardous phase of the business. In Richardson v. American Employers’ Ins. Co., supra, the court held that the oiling of two electric fans and the motors in an electric cooler was not sufficient to provide compensation coverage because that duty was not a “major and material part” of plaintiff’s employment; but that his use of an automobile in hauling merchandise to and from the restaurant of his employer was sufficient to provide coverage because the use of the automobile was a “substantial and integral part of his employer’s business in that it was constantly and daily used by the employer or the plaintiff in hauling necessary supplies for the conduct of the business,” and that it was a “major and material part of plaintiff’s employment.”
In Honeycutt v. Sears, Roebuck and Company, supra, we held that plaintiff was not covered because she “rode the escalator only infrequently.” And, in Richmond v. Weiss & Goldring, Inc., supra, we held that a secretary who was required to operate a switchboard (classified as hazardous in the compensation act) for two hours each day was covered because “an integral portion of her duties regularly exposed her to substantial contact with a hazardous feature of her employer’s business.”
Finally, in Boggs v. Great Atlantic & Pacific Tea Company, supra, the injured person was employed as a price marker in a grocery store, a nonhazardous business, and the accident occurred while he was engaged in the nonhazardous part of his work. In emergencies, however, the employee acted as a checker, using an electric cash register and an electric coffee grinder. He did this at most once or twice a week and sometimes not for a month at a time. There is no question but that his duties required him to use the cash register and coffee grinder on these occasions and that the use of those machines constituted an integral part of his employment. Yet, we held that, assuming that those machines were hazardous, his use of them was “not a sufficiently substantial portion of his du *121 ties” to bring him within the coverage of the Workmen’s Compensation Act.
It is apparent that the appellate courts of this State, in determining that the employee’s performance of duties in hazardous features of the employment was sufficient to provide him with compensation coverage, have based that conclusion on a finding that his duties were “to a large extent hazardous in nature,” that the “major portion” of his work required him to come in contact with automobiles, that the hazardous duties were an “every day affair,” that they were a “major and material part” of his employment, that the car was used “most extensively,” that the use of it was a “substantial and integral part” of the employer’s business, that it was “constantly and daily used,” and that the employee was “regularly exposed to” or was “frequently brought in contact with” the hazardous feature of the business. In determining that the employee was not covered by the compensation act, the courts have reasoned that his hazardous duties were “occasional” or “incidental,” that they were “remotely connected” with the employer’s business, that the “major portion of plaintiff’s work did not require her to come in contact with automobiles,” that the employee “rode the escalator only infrequently,” that the use of an automobile was so remotely connected with the employment as to “make the risk from its operation negligible,” and that the hazardous duties were not a “sufficiently substantial portion” of his employment.
It seems to us that the basic reasoning behind all of these decisions, and one which is consistent with the purposes of our Workmen’s Compensation Law, is that an employee in a nonhazardous business, who is injured while performing nonhazardous duties, is nevertheless covered by the compensation act if the duties which he is required to perform in a hazardous feature of the business are of such a nature, or bear such a relationship to his overall duties, that the risk or danger of a work-connected accident or injury is materially or substantially increased over what it would have been had he not been subjected to these hazards. If his exposure to or his contact with the hazardous features of the business is such that the risk or danger of accident and injury is not substantially increased, or if the increased risk is insignificant, occasional, incidental or relatively minor, then we think the employee is not entitled to compensation coverage.
In our opinion, an employee in a business which is not classified as hazardous under the compensation act, and is not hazardous per se, whose duties are primarily nonhazardous in nature but who is required as an integral part of his employment to perform duties in a hazardous feature of the business, and who is injured while engaged in the nonhazardous portion of his employment, is not entitled to compensation unless the performance of such hazardous duties materially or substantially increases the risk or danger of work-connected accidents or injury. If the performance of hazardous work does materially increase that risk, then it may logically be said that the hazardous duties performed by him constitute a substantial part of his employment.
We think this conclusion is in complete accord with the rules expressed by the Supreme Court in the cases hereinabove cited. In the Luce case, supra, the court held that an employee is covered “where he is regularly exposed to or is frequently brought in contact with the hazardous features of the business.” If an employee in a nonhazardous business is required as an integral part of his employment to perform hazardous duties, he still would not be covered under the ruling in the Luce case unless he is “regularly exposed to” the hazardous feature, or unless he is “frequently brought in contact with” it. The hazardous duties would necessarily be a substantial portion of his employment, and the danger of a work-connected injury would be materially increased, if either of these last two conditions existed. We cannot agree with plaintiff’s argument that if the haz *122 ardous duty is simply designated -in the contract of employment as an integral part of the employee’s duties, he then becomes “regularly exposed to” it, and thus is covered by the compensation act, although he may rarely be called upon to perform such duties.
The question of whether the performance of hazardous duties constitutes a substantial part of the employment in any case, we think, must be resolved by a consideration of the facts of that particular case. The amount of time which the employee devotes to that feature of his work may be one of the facts to consider, but we do not think that that should be the sole determining factor. The importance or necessity of the performance of those duties, the skill required, the danger involved, the nature of the duty itself, the frequency with which the exposure occurs, and other factors may also be considered.
In the instant suit the record shows that all of the salesladies in this department, including plaintiff, used the sewing machine for the purpose of making alterations to brassieres when necessary. The making of these alterations consisted of taking up “seams” or making “darts” in the garment, and it usually required between four and ten minutes to alter one such garment. Plaintiff testified that no alterations were necessary in a majority of the sales made in that department, that the greatest number of alterations she ever had to make in one day was eight or ten, and that “quite a few” days would go by when it was not necessary to make any alterations at all. Mrs. Olive Bradbury, who worked in the same department with plaintiff, stated that several days would go by without requiring an alteration, and then on other days they would have to alter “maybe one or two,” and that the salesladies in that department would not average “more than ten minutes a day” in making such alterations. Mrs. Marguerite Fontenot, another saleslady in' that department, says that it would “go for-days, maybe a month,” without a requirement for an alteration, and again they may have “one or two a day.” In their very-busy season, she says, they may have “three or four, but that’s very seldom.”
Although plaintiff has been referred to as-a “trained corsettiere,” it appears to us that only a minimum amount of training or skill! was necessary to qualify her for this type of work. The alterations were made on a household type sewing machine, and the only training apparently taken by plaintiff, aside from the practical experience acquired in making the alterations, was reading a book which was loaned to her by the head of the department and then discussing the matter with other workers from time to. time.
Under the facts presented here, we are-convinced that the duties which plaintiff performed in a hazardous feature of her employer’s business, that is, the use of an electrically powered sewing machine, was so occasional, incidental and insignificant, that the risk or danger of a work-connected! accident and injury was not materially or substantially increased by the performance of those duties. We conclude, therefore,, as did the trial judge, that the hazardous-duties which plaintiff performed did not constitute a sufficiently substantial portion of her duties in that employment to entitle-her to coverage under the compensation act.
For the reasons herein assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.
TATE, J., dissents for the reasons assigned in his dissent in the original hearing.