TATE, Judge
(dissenting).
The writer respectfully dissents from the denial of rehearing. I think we were in error in reversing the trial court’s award of workmen’s compensation benefits to this employee, admittedly disabled by an accident at work.
The majority concedes that the disabled employee’s duties included the regular and frequent operation of a large cash register and of two moving rubber conveyer belts, both powered by electricity, as an integral part of his duties.
In our compensation act, the legislature has specifically classified as a hazardous occupation “The * * * operation * * * of * * * apparatus charged with electrical current.” LSA R.S. 23:1035. “When the legislature has declared an occupation to be hazardous for purposes of the compensation act, it is not open to the courts to question the classification, or to segregate it into hazardous, covered components and non-hazardous non-covered components,” Leblanc v. National Food Stores, La.App. 1 Cir., 118 So.2d 500, 502.
Our denial of compensation to this employee seems to be directly contrary to the holding and rationale of our Supreme Court in Luce v. New Hotel Monteleone, 234 La. 1075, 102 So.2d 461, 463: “* * * [A]n employee is covered where he is regularly exposed to or is frequently brought in contact with the hazardous feature of the business, even though he is primarily engaged in the non-hazardous part.” It is *150 also contrary to the holdings and rationale of decisions of other circuits, such as Pinchera v. Great Atlantic & Pacific Tea Co., La.App.2d Cir., 206 So.2d 793, certiorari denied, and Talbot v. Trinity Universal Ins. Co., La.App.1 Cir., 99 So.2d 811, certiorari denied, as well as to that of an earlier decision of this circuit, Richmond v. Weiss & Goldring, La.App.3d Cir., 124 So.2d 601.
I therefore respectfully dissent.