CHASEZ, Judge.
This is a suit in Workmen’s Compensation by Felder W. Jarrell against the Maryland Casualty Company, insurer of his employer on February 10, 1963, the date Mr. Jarrell sustained his industrial injury. Mr. Jarrell was employed at that time by Tube-Kote, Inc', as a yardman and his duties consisted of handling incoming and outgoing oilfield pipe which was treated with protective coating at his employer’s plant. It is established that he injured his wrist in the course and scope of his employment on *333 February 10, 1963, and that this injury was eventually diagnosed as a torn cartilage on the inner side of his left wrist. As a result of his injury, Mr. Jarrell was paid maximum compensation of $35.00 per week for eighteen weeks by the defendant. As a result of this suit, the lower Court rendered a total award of 104 weeks at the maximum rate, less a credit for the compensation previously paid, in addition to reasonable medical expenses up to $2500.00, with 5% interest on the past due installments.
From this judgment the defendant appeals, specifying as error that the trial Court’s judgment was manifestly erroneous and prays that the Court should render judgment dismissing the plaintiff’s petition.
Following his injury, the plaintiff was treated by the company Doctor, Doctor Farrell Nicholson, who referred the plaintiff to Doctor Jack Winters, an orthopedist. Doctor Winters treated the injury and eventually operated and removed the torn cartilage in the plaintiff’s wrist on April 26, 1963. He discharged the plaintiff as fit for work on June 5, 1963. At the request of his attorney, the plaintiff was also seen by Doctor O. L. Pollingue, whose report was placed into evidence.
The plaintiff has been working at laboring jobs since the injury. His employment with Tube-Kote, Inc. was terminated approximately on June 20, 1963. Approximately 1-1J4 months after his discharge by Doctor Winters, plaintiff went to work for another company know as GWECO, delivering gas cylinders and driving a light truck for four or five months. He also went to work for other concerns as a pipe-fitter’s helper, doing ship repair work.
The defendant contends that the plaintiff’s work record shows that he is capable of doing manual labor comparable to that at the time of the injury. However, the evidence indicates that the plaintiff’s abilities to perform regular common labor has been substantially reduced, as he was not capable of performing heavy lifting, and his wrist experienced pain upon use.
Doctor Winters testified to the nature of the injury and further stated he felt Mr. Jarrell could return to work as of June 5, 1963. At this point we digress to mention that Felder W. Jarrell testified that during the time he was under Doctor Winters’ care he was issued a “light duty” slip, and the evidence was that he could not be thus limited in his employment for Tube-Kote, Inc. Doctor Winters did not recall this slip specifically, but stated he could have issued it. Further, the record is not definitive as to just when this slip was issued. Be that as it may, the Doctor also testified at the time of trial (September of 1964) that it was very possible that the plaintiff was experiencing pain after doing a hard day’s work, but that he would expect it to be slight and that he would expect it to slowly diminish and disappear. He further stated that at the time of discharge the plaintiff may have had pain but that he would not have considered it disabling.
Doctor O. L. Pollingue’s report, dated May 4, 1964, stated that the plaintiff’s wrist would eventually become asymptomatic (the patient had complained of loss of strength and swelling after use) over a long period of time after use, and that he should continue as a pipe-fitter’s helper. Both Doctors agreed to a residual disability in the neighborhood of 5-15'%.
The plaintiff admitted freely that his wrist was improving as time passed. But he also testified that he was limited in the performance of work, that all he was used to doing was heavy, hard work, and that his wrist pains him if he lifts anything heavy. The jobs he has taken on subsequently, he testified, were different in that the equipment was lighter. He testified that at GWECO he had no trouble working but his hand would hurt at night after continued use.
We think that the pain suffered by the plaintiff was not disabling insofar as *334 the employment he found subsequent to the injury but we do feel that he suffered a total disability, even though he be considered a common laborer, in that he could not engage in any heavy work requiring use of his left wrist. Even in the employment he obtained subsequent to his injury, it appears that he did suffer pain if he was required to use his wrist to an appreciable extent.
We are of the opinion that the above is sufficient to sustain a finding in favor of the plaintiff of total disability under the provisions of R.S. 23:1221(2).
The Court in its judgment awarded the plaintiff 104 weeks compensation, but since no appeal was taken in this matter by the plaintiff we can only affirm this award. This being the case, we find no manifest error in the lower Court’s determination. We feel that this result is cognizable in the law as enunciated in Williams v. Zurich Insurance Company, 159 So.2d 391 (La.App. 1963), wherein it was held that a common laborer could recover for total disability regardless of the fact that he was able to obtain a different type of laboring job subsequent to his injury. That Court stated:
“The problem of determining when an injured employee is unable to do work ‘of any reasonable character’ has long plagued our courts. In an effort to solve this problem many cases have classified the employee’s duties as skilled, semiskilled or common labor. The criterion applied in the first two categories is whether or not the employee is able to perform substantially all the duties in the position he held when injured; whereas in the case of a common laborer total disability is pronounced when his injury is of such character that it appears he will be substantially handicapped in competing with able-bodied workers in the common labor market. However, these categorizations are purely jurisprudential. Regardless of the means or method the task remains one of determining whether or not he is able to do work of ‘any reasonable character.’ We think this employee has shown by a preponderance of evidence that because of his injuries to his hands, he is still unable to work around any primary irritants, or to do any kind of work with machinery or tools and, further, that such disability is of indefinite duration. We conclude plaintiff is disabled to do work of a ‘reasonable character’ which entitles him to a judgment for total and permanent disability under the statute previously cited herein.”
In this case the plaintiff was temporarily unable to do the heavy type of hard labor which the record discloses that he was accustomed to.
We also cite the case of Ball v. American Marine Corporation, 245 La. 515, 159 So.2d 138 (1964) and the following language therein:
“There seems to be no dispute as to the law applicable to the case. It is well settled that even though a common laborer is not completely incapacitated, he may nevertheless be considered as totally and permanently disabled within the meaning of the compensation statute if the injury has substantially decreased his ability to compete with able-bodied workers in the flexible general labor market. Olivier v. Liberty Mut. Ins. Co., 241 La. 745, 131 So.2d 50; Blanchard v. Pittsburgh-Des Moines Steel Co., La.App., 59 So.2d 384; Lathers v. Schuylkill Products Co. Inc., La.App., 111 So.2d 530; Malone, Louisiana Workmen’s Compensation Law and Practice, sec. 275, p. 334. The law does not expect, contemplate, or require that an employee should work in pain in order to earn a living, and where substantial pain results from an injury, the medical estimate of percentage disability will be disregarded and compensation for total disability will be awarded. Brannon v. Zurich General Accident & Liability Ins. Co., 224 La. 161, 69 So.2d 1; Hunter v. Continental Casualty Co., La.App., 126 So.2d 394.”
*335 If the plaintiff attempted the type of labor he performed at Tube-Kote, Inc., the evidence indicates that he would have experienced substantial pain.
In making the award of compensation to plaintiff of 104 weeks, subject to a credit of $630.00, being compensation previously paid, the Court likewise awarded the plaintiff “reasonable medical, surgical, hospital and drug expenses, not to exceed $2,500.00” The Court however failed to indicate what the surgical, hospital, medical and drug expenses actually amount to. Under the circumstances, since we believe this award, as made, is meaningless, we shall remand the case for the specific purpose of ascertaining the exact cost of the medical, surgical, hospital and drug expenses sustained by the plaintiff.
In all other respects the judgment of the District Court is affirmed and costs of this Court are taxed to the defendant, Maryland Casualty Company.
Affirmed in part and remanded with instructions.