219 So.2d 9 (1969)
Aliston STEPHNEY
v.
Borlande D. ROBERTSON and Alvin B. Werner.
Aliston STEPHNEY
v.
W. R. C. CONSTRUCTION COMPANY, Inc.
Nos. 3277 and 3278.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1969.
Rehearing Denied March 3, 1969.
*10 Charles G. Merritt, New Orleans, for Aliston Stephney, plaintiff-appellant-appellee.
Loeb, Dillon & Livaudais, Stanley E. Loeb, New Orleans, for Borlande D. Robertson and Alvin B. Werner, defendants-appellees.
Felicien Y. Lozes, New Orleans, for W. R. C. Construction Co., Inc., defendant-appellant.
Porteous, Toledano, Hainkel & Johnson, James L. Donovan, New Orleans, for National Indemnity Co., third-party defendant-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John C. Combe, Jr., New Orleans, for Travelers Ins. Co., defendant in reconvention, appellee.
Before REGAN, BARNETTE and JOHNSON, JJ.
BARNETTE, Judge.
These separate suits brought by the same plaintiff, the first being a suit in tort for damages and the second being a suit for recovery of workmen's compensation benefits, were consolidated for trial below and are consolidated in this court on appeal.
In suit bearing docket number 3277 in this court (number 445-938 on the district court docket, filed March 2, 1966), the plaintiff, Aliston Stepheny, initially sought judgment against Borlande D. Robertson and Alvin B. Werner, in solido, for damages resulting from injuries sustained in an accident on September 20, 1965. Defendants Robertson and Werner are charged with negligence in causing the accident, thus giving rise to the tort action against them.
In this suit the defendants denied negligence and alternatively pleaded assumption of risk and contributory negligence as a bar to recovery. They then interpleaded, by third party petition, their owners', landlords' and tenants' liability insurance carrier, National Indemnity Company. National Indemnity answered the third party petition admitting the issuance of a liability policy but contended that plaintiff was employed by them and denied coverage under policy exclusions. Thereafter, by supplemental petition, the plaintiff joined National Indemnity as a party defendant and prayed for judgment against Robertson, Werner and National in solido. The denial of coverage by National Indemnity and its refusal to defend the action against Robertson *11 and Werner is one of the issues in the case and will be discussed and disposed of in proper order.
W. R. C. Construction Company, Inc., plaintiff's alleged employer, intervened in that suit seeking recovery through subrogation of sums paid in workmen's compensation benefits on account of the injuries sustained by plaintiff in the accident.
Judgment was rendered, signed and filed in this suit on January 11, 1968, dismissing plaintiff's suit for damages and dismissing the third party action of Robertson and Werner against National Indemnity, but reversing to them the right to claim costs of defense and attorney's fees against National Indemnity. From this judgment, the plaintiff appealed devolutively. National Indemnity Company, third party defendant, appealed suspensively.
In suit number 3278 on the docket of this court (number 455-209 on the docket of the district court, filed October 18, 1966), the plaintiff, Aliston Stephney, seeks recovery of workmen's compensation benefits in the sum of $35 per week for 400 weeks plus medical expenses, less credit for amounts paid. He also seeks penalty of 12 percent on all amounts in arrears and attorney's fees.
In this suit the plaintiff alleged that on the date of the accident he was employed by the defendant W. R. C. Construction Company, Inc., in a hazardous occupation as a painter and carpenter, and sustained total and permanent injuries while in the course of his employment and in discharge of duties incident thereto.
The defendant W. R. C. answered admitting the employment and the accident, and acknowledged that plaintiff sustained compensable injuries but denied that the injuries are total or permanent. It claimed payment of compensation to September 23, 1966, from which date it alleged plaintiff's recovery and ability to resume employment.
Travelers Insurance Company intervened in this suit seeking reimbursement for compensation paid to plaintiff of $35 per week from September 28, 1965, to November 9, 1965, totaling $245, plus $431.78 medical expenses, all of which it alleged was paid through error. The alleged error resulted from the fact that a workmen's compensation and employer's liability policy issued to W. R. C. Construction Company, Inc., had expired on August 10, 1965. The insured's local agent had sought a renewal but it was refused by Travelers. There was some dispute as to whether the local agent promptly notified W. R. C., but it is apparent that W. R. C. was not aware of the nonrenewal of its coverage, and the claim for payment to its alleged employee was routinely made and honored by Travelers until the error was discovered. It was then that Travelers discontinued payments.
On March 8, 1967, plaintiff filed a supplemental and amended petition in this (the workmen's compensation) suit and joined Robertson and Werner as defendants, pleading alternatively that they, individually, might have been his employers rather than the corporation and, as such, liable for payment of workmen's compensation.
W. R. C. reconvened in the suit against Travelers seeking judgment for damages allegedy sustained and estimated, aggregating $27,503.30. The basis of reconvention is the alleged holding out of belief by Travelers and its agents that it (W. R. C.) was insured through renewal of its policy and placing it in the position of exposure to liability through negligence of its agents and representatives.
Robertson and Werner, made defendants by supplemental petition in the compensation suit, filed answer and an exception of no cause of action, the substance of which is that plaintiff was not their employee but was employed by W. R. C. Construction Company, Inc. Further they pleaded plaintiff's no cause of action in that he failed to allege that they are in a hazardous business, and hence no liability for workmen's compensation can be sustained against them.
*12 In this suit judgment was rendered, signed and filed on January 11, 1968, in favor of plaintiff against W. R. C. Construction Company, Inc., and Robertson and Werner, jointly and in solido for $35 per week for 400 weeks with medical expenses of $1,287.08, subject to credits for sums previously paid by W. R. C. The judgment for 12-percent penalty on payments in arrears and $1,500 attorney's fees was against W. R. C. only. Expert medical witness fee of $100 was taxed as cost.
A separate judgment was rendered, signed and filed on January 15, 1968, in favor of Travelers Insurance Company, dismissing the reconventional demand of W. R. C. against Travelers.
Under a caption numbered 455-209 and entitled "Aliston Stephney v. W. R. C. Construction Company, Inc.," W. R. C. and Robertson and Werner appealed suspensively, specifically "from the final judgment rendered in the above cause on the 11th day of January, 1968." The plaintiff answered the appeal in this court seeking an amendment to cast all defendants in solido for penalty and attorney's fees and to increase the attorney's fee to $3,000.
There was no appeal from the judgment of January 15 in favor of Travelers dismissing W. R. C.'s reconventional demand.
Through an obvious error and confusion of the two suits, the judgment in the tort suit (number 445-938 on the district court docket and number 3277 on our docket) included a paragraph dismissing the intervention of Travelers Insurance Company, but reserving to it the right to bring further proceedings for recovery from plaintiff Stephney the amounts erroneously paid to him. Travelers was not a party to that suit and did not appeal in the other suit in which it was a petitioner in intervention and defendant in reconvention.
We therefore hold at the outset that the judgments insofar as they reject and dismiss the petition of Travelers in intervention, and the reconventional demand of W. R. C. against Travelers, having not been appealed either by Travelers or W. R. C., are final. Travelers is therefore not a party to this appeal, and the issues raised by its intervention and the reconventional demand against it will not be considered.
It is conceded by all parties that plaintiff Stephney sustained serious injuries on September 20, 1965, the nature and extent of which we will discuss below. There is no dispute that the accident occurred while plaintiff was in the act of nailing a piece of plywood over an attic window on property owned by defendants Robertson and Werner on St. Claude Avenue in the City of New Orleans. The attic window was approximately 21½ feet above the ground. Plaintiff used a ladder provided by Robertson and Werner, both of whom were present giving directions and lending assistance. The ladder was approximately 19 feet long and was placed against the house under the attic window. A 7-foot fence along the property line 2½ feet from the house made it necessary for the ladder to be extended over the fence with its base resting on the adjacent lot, which was covered with shell and served as a parking lot. Thus the upper end of the ladder was some distance below the bottom sill of the attic window resting against the weatherboards.
There is testimony of a complaint by plaintiff that the ladder was too short, and a suggestion that he be provided with a longer extension ladder which Robertson and Werner had available at another location. Mr. Werner reassured plaintiff that it would be safe and that he would hold the ladder for him.
Plaintiff ascended the ladder with a piece of plywood about 30 × 36 inches into which he had previously set nails. With Werner holding the ladder and Robertson standing on the adjacent lot giving directions, plaintiff nailed the plywood over the window. He descended the ladder to obtain more nails. After returning to the top, and while in the act of driving a nail above his head *13 in a strained position, the ladder shifted and plaintiff either fell or in fear of falling jumped, landing on the adjacent lot near the base of the ladder. It is admitted that the ladder shifted, but the extent of its movement and whether plaintiff lost his balance and fell, or panicked and jumped, is the subject of some disagreement.
The first question to be answered is by whom plaintiff was employed at the time of the accident. The trial court found as a fact that he was employed both by Robertson and Werner in their individual capacities and by W. R. C. Construction Company, Inc., a corporation owned or controlled and excusively managed by them.
Defendants Borlande D. Robertson and Alvin B. Werner own jointly a substantial number of rental properties in the City of New Orleans, including the one on St. Claude Avenue which they personally manage and maintain. They are licensed real estate brokers and in addition to their personally owned property they manage rental property for the account of other owners.
The W. R. C. Construction Company is a corporation organized by Robertson and Werner in 1964. They own or control all stock and are solely responsible for its management. The purpose of the corporation is dealing in, leasing, renting and managing real estate for its own account and as agent or broker. It may also remodel, repair and maintain property. It was principally concerned with property owned jointly by Robertson and Werner, though it might have on some occasions done repair work on other property. It had little activity from date of organization until after Hurricane Betsy in September, 1965. It was then, according to testimony of Mr. Werner, that a decision was made to channel their storm damage repair jobs through the corporation. The repair job on September 20 was admittedly the first such project undertaken by the corporation.
The parties could not produce canceled checks or other evidence that plaintiff had been employed or paid by the corporation before September 20, 1965. He was, however, employed by Robertson and Werner individually for approximately a year before the accident. His employment by Robertson and Werner was on an hourly wage basis as a carpenter, painter, janitor, general laborer and handyman. His wage was approximately $75 per week.
On September 20, 1965, pursuant to his duties of employment, plaintiff met Robertson and Werner at their office. From there they took him by automobile to an address on Gallier Street where he did a minor roof repair on property owned by them. They then proceeded by automobile to the St. Claude address.
Robertson and Werner testified of their intention to do the Betsy repair jobs in the corporation's name and that their actions on the day in question were in the capacity of officers and managers of the corporation; but plaintiff was not informed of any change in his employment. He had no knowledge of the corporation's involvement in his employment until receipt of checks of the corporation for compensation payments.
The Travelers Insurance Company initially made compensation payments and paid certain medical bills under the alleged erroneous belief that its insurance coverage of W. R. C. Construction Company, Inc., which had expired on August 10, 1965, was still in force. Thereafter the corporation continued the compensation payments, all of which were made by checks drawn on the corporation's account and signed by both Robertson and Werner. Prior to the corporation's assumption of liability for compensation, plaintiff had no knowledge of an employment relationship with the corporation, and none is alleged by Robertson and Werner until the day of the accident.
Plaintiff's allegations in his original petition in the compensation suit that the corporation was his employer is understandable in view of the corporation's assumption of employer's liability. His supplemental *14 and amended petition in which he alleged in the alternative that he "* * * may have been an employee at the time of the accident * * * of Borlande D. Robertson and Alvin B. Werner * * *" is equally understandable. We agree with the trial judge who remarked from the bench: "He doesn't know who he was working for. Neither do I at this time." We further agree with the trial judge's finding of fact, as stated in his reasons for judgment, as follows:
"The next question for the Court's determination is whether or not the plaintiff was an employee of only the Corporation, or of the individuals Robertson and Werner as well. The Court is of the opinion that the evidence does not preponderate in favor of contention that the plaintiff was only employed by the Corporation. According to the evidence, the Corporation was apparently only used by the individual owners thereof for the purpose of working on properties which the individuals personally owned or managed, and the record reflects that the plaintiff had not been previously employed by the Corporation until the morning of the accident, although he had been employed by the individuals. The Court finds as a fact, that the real employer of plaintiff was both the Corporation and the individuals Robertson and Werner."
This conclusion finds ample support in Malone, Louisiana Workmen's Compensation Law and Practice (1951), section 58, page 66.
The defendants Robertson and Werner, having denied that they were plaintiff's employers, alternatively, by way of exception of no cause of action in the compensation case (number 3278), point to plaintiff's failure to allege that they are engaged in a hazardous business, and further assert that in fact they were not so engaged. This issue was not pursued in oral argument nor by briefs filed in this court. Here, their argument and brief are concerned with negligence, assumption of risk, by whom plaintiff was employed and the extent of his disability. However, since the issue of nonhazardous business was pleaded, we will now address ourselves to that question.
The facts of this case are strikingly similar to those found in Richard v. United States Fidelity & Guaranty Co., 247 La. 943, 175 So.2d 277 (1965). There it was found that the plaintiff suffered a heart attack and stroke as a result of work stress placed on him while working as a carpenter's helper on a rental house owned by the several Landreneau enterprises of Mamou, Louisiana.
The Court of Appeal in Richard v. Landreneau Enterprises, 167 So.2d 827 (La. App.3d Cir. 1964), distinguished between hazardous employment and hazardous business. It concluded that though plaintiff was injured while performing hazardous duties of employment, that the business of his employers was not hazardous in nature. It held that the employment at the time of injury was not a regular part of the employers' nonhazardous business and hence the injury did not come within the coverage provisions of the workmen's compensation statute.
Very probably the court would have reached a different conclusion in that case under a factual situation such as we have here. The distinction is that the rental and maintenance of a substantial number of rental houses was a major part of the regular business of defendants Robertson and Werner. In the Richard case, it appears from the reported facts that the rental of four or five houses and their maintenance was a relatively minor part of the total business of the Landreneau enterprises. But this distinction is hardly necessary in view of the ultimate decision of the Supreme Court.
On review by writ of certiorari, the Supreme Court reversed the appellate court and held that at the time of the accident the *15 Landreneau enterprises were not carrying on a separate rental business and whatever rental business existed was a part of the total Landreneau enterprises. The Court then concluded that if the rental of houses was only one of many endeavors of Landreneau enterprises, then they were in the business of repairing houses. The Court then found that plaintiff was entitled to workmen's compensation benefits irrespective of the nonhazardous nature of the rental business, and stated, 175 So.2d at p. 286:
"Our jurisprudence has held that the rental of houses may not of itself be a hazardous business, but if the employer's business has hazardous features, the non-hazardous phase does not preclude amenability to the provisions of the Workmen's Compensation Law. Cf. Luce v. New Hotel Monteleone, 234 La. 1075, 102 So.2d 461. It is now well settled that an employee is covered where he is regularly exposed to or is frequently brought in contact with the hazardous feature of the business, even though he is primarily engaged in the non-hazardous part. Luce v. New Hotel Monteleone, supra. Also, if one is engaged in both hazardous and non-hazardous branches of his employer's business, and his employment is one employment, it is immaterial whether his non-hazardous duties constituted his major employment to which his hazardous duties were merely incidental, or vice versa; the important fact is that the employee was injured while actually engaged in performing duties, whether main or incidental, called for by his employment. Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303. If the operator of an admittedly hazardous business, in the conduct of that business undertakes repair, whether it be of the building housing the same or the equipment therein, rather than have it done under contract, his employees come under the protection of the employers' liability laws of this State. Speed v. Page, 222 La. 529, 62 So.2d 824."
Applying the above principles to the facts of this case, the conclusion is inescapable that plaintiff's climbing upon roofs and ladders in the performance of duties essential to his job as repairman is a hazardous feature of Werner and Robertson's real estate businesscommon sense dictates this finding. From this it can only follow that Werner and Robertson were engaged in a hazardous business to allow recovery under the Workmen's Compensation Act, notwithstanding the nonhazardous features of their real estate and rental business.
Counsel for plaintiff concedes in brief filed in this court that if Robertson and Werner are held to be employers and liable for workmen's compensation, then plaintiff's action against them in tort is precluded and there would be no need to consider the issues raised in the tort suit, number 3277 on the docket of this court. Only in the alternative does plaintiff here assert his demands against Robertson and Werner in the tort suit. Having held them liable as employers for workmen's compensation we will not consider the issues presented in suit number 3277 and will affirm the judgment dismissing plaintiff's suit in that proceeding.
We will now consider the extent of disability resulting from the injuries sustained by plaintiff. Dr. Russell C. Grunsten, an orthopedic surgeon and plaintiff's treating physician, testified that in the right foot plaintiff sustained a comminuted fracture of the os calsis, "* * * with a loss of the normal ankle, and fragmentation in several pieces." He testified that in the left leg, below the knee, plaintiff sustained a fracture of the tibia and fibula, with comminution of the fractures, and the bone protruded through the skin.
Dr. Grunsten's uncontradicted testimony was to the effect that plaintiff received a 25- to 30-percent permanent-partial disability referred to the right foot and ankle region and a 10- to 15-percent permanent-partial disability referable to the entire left *16 lower extremity. His belief was that plaintiff's right foot sustained a loss of motion of 15 degrees of plantar flexion. It was his conclusion that plaintiff had received a 15- to 20-percent permanent and total disability if related to the body as a whole. He testified that the injuries would make it almost an impossibility for plaintiff to perform working activities which required any amount of climbing.
Plaintiff testified that he still experienced pain in both his legs and was not as steady on his feet as he was before the accident. He testified that he had performed some "odd jobs" as repairman and painter after the accident, but that at the time of trial he was not performing the kind of work he was doing before the accident because his legs were paining him. He complained of extreme pain at night and of aching sensations in his legs. He walked with a limping gait.
In his reasons for judgment the trial judge concluded that plaintiff was not a malingerer and declared him to be permanently disabled. He was allowed full compensation of $35 a week for 400 weeks together with all medical expenses incurred, subject to a credit for any sums heretofore paid. With this finding we must agree.
It is well-settled jurisprudence that even though a common laborer is not completely incapacitated he may nevertheless be considered as totally and permanently disabled within the meaning of the workmen's compensation statute if the injury he has sustained has decreased his ability to compete with able-bodied workers in the flexible general labor market. The law does not expect or require an employee to work in pain in order to earn a living, and where an employee experiences substantial pain as a result of an injury, total disability will be allowed. Easterling v. Employers Liability Assurance Corp., 203 So.2d 852 (La. App.4th Cir. 1967); Jarrell v. Maryland Casualty Company, 200 So.2d 332 (La.App. 4th Cir. 1967); Funderburk v. Southwestern Iron Corporation, 180 So.2d 4 (La.App. 2d Cir. 1965); Thomas v. Gates, Inc., 157 So.2d 263 (La.App.3d Cir. 1963); Glidden v. Alexandria Concrete Company, 132 So.2d 514 (La.App.3d Cir. 1961).
As stated above, in the tort suit (number 3277), the third party demand of Robertson and Werner against National Indemnity Company was dismissed but the right to claim costs and attorney's fees in further proceedings was expressly reserved to them. National appealed from that judgment and we must now address ourselves to that issue.
The owners', landlords' and tenants' liability policy issued by National and in force at the time of the accident insured Alvin B. Werner and Borlande D. Robertson individually as owners of certain described property, including the St. Claude Avenue house. Under the heading "Exclusions" it is specifically provided that there is no liability for workmen's compensation or for "* * * injury * * * of any `employee' of the insured arising out of and in the course of his employment by the insured." National Indemnity contends that the plaintiff was an employee of the insureds and thus excluded from coverage.
It further seeks to justify its refusal to defend on the argument that its duty to defend is determined by the allegations of plaintiff's petition, citing Benoit v. Fuselier, 195 So.2d 679 (La.App.3d Cir. 1967) and Kamm v. Morgan, 157 So.2d 118 (La. App. 4th Cir. 1963), and that plaintiff's allegations did not bring his claims within the policy provisions. Specifically, National argues that plaintiff's suit against Robertson and Werner is directed against them as officers, stockholders and managing directors of the corporation and that he failed to allege their negligence as owners of the described building. It further contends plaintiff failed to allege a defect in the premises, or that his injuries arose out of the negligence of the owners with respect *17 to the building or through its maintenance and use. None of these alleged reasons will justify its refusal to defend plaintiff's suit in tort against its insureds.
In the first place, the tort suit, in which National was third partied and later made a defendant by supplemental petition, is entirely based on the premise that plaintiff was not an employee of the named insureds. He alleged in that suit his employment by the corporation. The question of his possible employment by them individually was raised alternatively in a supplemental petition filed by plaintiff in the compensation suit March 8, 1967, some six months after National had already answered (September 14, 1966) denying coverage.
The second contention is equally lacking in merit. Plaintiff's petition clearly names Robertson and Werner individually as the owners of the St. Claude Avenue property. He alleged specific acts of negligence committed by them directly connected with the repair job in which he was engaged on the house owned by them. Whether or not plaintiff's allegations could be sustained with proof does not affect the duty of the insurer to defend the suit under the policy provisions. The policy insures against injuries arising out of the hazards defined. Among these are: "The ownership, maintenance or use of the premises, and all operations necessary or incidental thereto." (Emphasis added.) The policy also obligates the insurer to "defend any suit against the insured alleging such injury * * * and seeking damages on account thereof, even if such suit is groundless, false or fraudulent * * *." Clearly, therefore, National Indemnity Company was under obligation to defend its insureds.
In his reasons for judgment the trial judge, in holding National to be obligated to defend and liable for costs and attorney's fees incurred by the insureds, said: "However, there is no evidence presented to the Court as to what these costs, expenses and attorney's fees are * * *." Accordingly, right was reserved to the insureds to claim these sums in further proceedings. We find no error in this judgment and it will be affirmed.
The next question presented for our determination is that of the allowance of penalty and attorney's fees. In his reasons for judgment the trial judge held that there were sufficient legal questions involved relative to the liability of Robertson and Werner, individually, to conclude that they were not arbitrary or capricious, or acted without reasonable cause in terminating the compensation payments, and hence the items of penalty and attorney's fees were cast against the corporation only.
Our first impression was that because the individual defendants and the corporation were coemployers of the plaintiff, and the corporation was in actuality their alter ego, then any decision made by them as sole owners and spokesmen for the corporation was also their individual decision, and therefore the assessment of penalty and attorney's fees should have been against them and the corporation in solido. On closer examination of the record, however, we must concur in the conclusion reached by the trial judge.
In September, 1966, when the decision to discontinue payment of compensation was made by Robertson and Werner, the tort suit against them individually had been filed and pending approximately six months. In that suit the plaintiff had alleged that he was employed by the corporation. Robertson and Werner were by his allegations treated as third persons, owners of the property on which he was injured. He did in that petition incidently allege that they were "also officers, stockholders and managing directors" of the corporation, but clearly his alleged cause of action against them was such as to negate any implication of their personal liability for the workmen's compensation payments. Therefore, even assuming that their decision for the corporation *18 to discontinue payments after September 23, 1966, was arbitrary, capricious or without probable cause so as to invoke the penalty provision of LSA-R.S. 23:1201.2 against the corporation, Robertson and Werner, at that time, in view of plaintiff's then pending judicial allegations, were not under personal obligation to continue payments or personal liability for discontinuance. It was not until approximately six months later, March 8, 1967, that their personal responsibility for payment of compensation was alleged by plaintiff in a supplemental petition filed in the compensation case. Even then, their liability was pleaded alternatively on the allegation that they "may have been" plaintiff's employers at the time of the accident. From these circumstances it is apparent that when the consolidated cases were called for trial, plaintiff's own counsel was not certain of the individual liability of Robertson and Werner for workmen's compensation. We therefore conclude that in their individual capacities they were not arbitrary, capricious or without probable cause and cannot be held personally liable for penalty and attorney's fees.
As for the corporation, we hold that its failure and refusal to pay compensation after September 23, 1966, was arbitrary, capricious and without probable cause, and hence it is liable for the statutory penalty and attorney's fees.
There is no testimony from which we can determine with certainty when plaintiff returned to or attempted to resume his duties of employment. Mr. Robertson said he came back to work "as soon as the doctor told him it was all right to do light work." He did not give a date. From plaintiff's own testimony we must conclude that sometime after he was discharged by the doctor, and while he was still receiving compensation payments, he went back to perform a few odd jobs. He worked only portions of days, which he said Mr. Werner explained was just to help him make a little extra money. There is no evidence that he ever resumed regular work for this or any other employer. At most he did a few odd jobs, which he testified he could not continue because of pain.
Both Mr. Robertson and Mr. Werner were asked why the compensation was discontinued and they each referred to a letter from Mr. Werner to plaintiff's attorney. The letter was identified as "Plaintiff 4" but we fail to find it in the record before us. The only explanation given by either of them was that they acted on advice of counsel, but neither of them was permitted, on objection from their own attorney, to state the reason. We must conclude therefore that the corporation's failure and refusal to pay compensation after September 20, 1966, was arbitrary, capricious and without reasonable cause, and the penalty against the corporation was properly imposed.
We find no abuse of discretion by the trial judge in fixing the attorney's fee at $1,500 and plaintiff's prayer for increase will be denied.
For these reasons the judgment in suit number 3277 on the docket of this court is affirmed. The appellant National Indemnity Company is cast for the costs of appeal.
The judgment appealed from in suit number 3278 on the docket of this court (number 455-209 on the docket of the district court, filed October 18, 1966), which judgment was rendered, signed and filed on January 11, 1968, is affirmed at appellants' cost.
Judgments affirmed.