LeSUEUR Judge.
Plaintiff brought suit for Workmen’s Compensation benefits based on his being totally and permanently disabled. Defendant admits partial permanent disability but denies that plaintiff is totally and permanently disabled. The trial judge granted a judgment in favor of plaintiff and defendant appealed.
Plaintiff was employed by Dixie Concrete, Inc. on September 25, 1967 as what is known in the building material supply trade as a “batch man” when he stumbled on a loose board on his employer’s loading dock, falling to the ground some four-and-a-half to five feet below, breaking his left wrist. Following his accident, he was taken to Dr. Paul F. Naccari at the New Orleans East Industrial Clinic where his left arm and wrist were splinted and wrapped. Dr. Naccari then sent the man to Mercy Hospital where he was examined in the emergency room by Dr. Raymond Kitziger. Dr. Kitziger, the only medical witness called to testify in the case, disagnosed the man’s condition as a comminuted fracture of the distal radius involving the joint of the left wrist, and the following day on September 26th, under general anesthesia, set the fracture by the use of metal pins *509 and placed Mr. Rutherford’s left arm, wrist and hand in an immobilizing cast.
On October 25, 1967 plaintiff returned to work at Dixie because he said he needed the money. Plaintiff worked until laid off on November 22, 1967, but stated that during this period of time he did not perform the normal duties of a batch man but merely answered the phone and wrote down orders.
On November 21, Dr. Kitziger removed the cast and instructed plaintiff to begin using his injured wrist to regain its function. Plaintiff was unable to test his wrist doing the full duties of batch man for Dixie for he was laid off the next day.
Plaintiff next worked as an oiler on a dredge from January 4-February 16, 1968, but had to discontinue that work because the pain in his wrist increased from, a dull ache to a sharp pain when it was used. Since February 17, 1968, plaintiff has driven a tractor-trailer for Bulk Transport Co., Inc. He states that he always experiences a dull ache type pain in his injured wrist and that this pain increases when his duties require the use of that wrist for more than a short period of time, but that this job usually does not require much activity of his injured wrist.
Dr. Kitziger testified that he saw Mr. Rutherford twice in 1968, the last occasion being on April 8, 1968, just prior to trial of the case on May 15, 1968 and that the man had lost about fifteen degrees of dorsiflexion or movement of the hand and wrist in an upward fashion and about forty degrees of volar flexion or movement of the hand and wrist in a downward direction. He further testified that the man had lost about ten degrees of forearm pronation or movement of the forearm in a rotating fashion downward and there was also loss of motion of the forearm in supernation, or rotating in an upward or counterclockwise direction. Dr. Kitziger further testified that because of this loss of motion of the left wrist and hand that it was his opinion that the man had sustained a disability of twenty to twenty-five percent, as of the date of his last examination which he could not say was permanent at that time. He also testified that he did not believe that Mr. Rutherford would regain normal wrist function due to the nature of the fracture but that the fracture was fully healed by the first of the year of 1968 at which time he was discharged.
On follow-up visits prior to the last examination in April, 1968, Dr. Kitziger testified that the man complained of mild, continuous dull ache of the left wrist but that he did not consider this condition disabling, and that he thought the man could do the duties of a batch man as described in a letter filed in the record. The man had enough function in wrist to work and he should be able to carry on the duties of his former occupation as a batch man as he had done following the- accident, even with a cast on, when he returned to work prior to its removal from October 25th through November 22nd. While he had lost some motion of the wrist it was his opinion that the man could realize a fairly good compensation of this loss by use of the motion available in the forearm, elbow joint and shoulder. At no point in his testimony did Dr. Kitziger state that it was his opinion that Mr. Rutherford was totally disabled to do the work of a batch man or the work of any reasonable nature.
Plaintiff’s attorney then inquired of Dr. Kitziger whether his opinion would be changed if the duties of his client were increased to include the operation of levers to weigh out the ingredients of the concrete, climb the sides of silos to check their content, climb the sides of cement trucks to add varying weights of coloring to the cement in the trucks and load small orders of cement weighing approximately 94 pounds into vehicles. He said that this would definitely increase the pain from the dull ache normally felt to a greater amount of pain.
Defendant claimed that plaintiff could perform the duties of a batch man but that he was laid off during a slack period. They also alleged that the work plaintiff *510 has done since leaving their employ has been of a more strenuous nature yet plaintiff has continued in that employment and must, therefore, have been able to perform the work of a batch man.
The trial court awarded plaintiff a judgment against the defendants, Dixie Concrete, Inc. and Phoenix Assurance Company of New York, in solido, for Workmen’s Compensation benefits, in the sum of $35.00 per week from January 3, 1968, not to exceed 400 weeks, less a credit for compensation previously paid for temporary total disability from September 26, 1967, to January 2, 1968, and for permanent partial disability payments from January 3, 1968, to May 7, 1968, at the rate of $13.975 per week, together with interest from January 3, 1968, to date on the difference between payments for permanent partial disability and total disability payments.
There is no question that the established law of Louisiana does not require an employee to work in pain and there is no need to cite authorities for this premise. Another established rule is that a person must work in more than “discomfort” or “slight pain” to be considered totally and permanently disabled for Workmen’s Compensation benefits. There is no well established rule or guideline, however, determining what “substantial pain” is or how much is required before a man is totally and permanently disabled.
In the present case plaintiff states that he always has a “dull ache” in his injured wrist and that this increases to worse or sharp pain when he has to use his wrist. The use of his wrist and the subsequent increase in pain was the reason he had to terminate his employment as an oiler on the dredge. The pain increases when he has to use his left hand in his present job as truck driver also but this job does not require as much two-handed effort because the truck has power steering and it is only when he has to steer and shift gears simultaneously that his left hand is used. Exertion of the left hand and wrist is minimized by shifting on a straight course as much as possible. Plaintiff’s present job also requires the coupling and uncoupling of a hose four inches in diameter by 16 feet in length but plaintiff states that this task is performed with his right hand and arm alone.
Defendant contends that Dr. Kitziger testified that plaintiff could return to work as a batch man without difficulty, and therefore he cannot be totally and permanently disabled. Dr. Kitziger based his conclusion on a description of the jobs supplied by defendant that listed the required duties as: (1) taking orders over the phone; (2) writing delivery tickets; and (3) batching out materials by means of pneumatically operated levers. His impression was that these were light duties. When, however, he was asked if he would consider loading vehicles with 94 pound bags of cement, climbing ladders on cement silos to check content, climbing cement trucks to add coloring material, and the coordinated use of more than one lever as light duties also, he stated that the duties of a batch man would cause the pain sustained by plaintiff to increase.
Plaintiff returned to work for approximately one month while his left hand and wrist were in a cast but his duties consisted of only answering the phone and taking orders. The day after his cast was removed he was released by defendant supposedly because a new facility was not opened as planned. Thus plaintiff has not had the opportunity to attempt the full duties of a batch man although he states that he could not perform all of those duties without increased pain.
Plaintiff’s statement that the use of his hand and wrist resulted in increased or sharp pain is not in conflict with or contradictory to Dr. Kitziger’s opinion. He was medically unable to state that plaintiff’s dull ache was substantial pain or that the increased pain was not substantial because pain is a subjective complaint and *511 he described plaintiff as a “hardy” person. Dr. Kitziger could objectively state that: (1) the injured wrist had never achieved normal wrist function and he did not expect that it ever would; (2) the wrist would give plaintiff permanent disability in its normal use and could possibly require a fusion to relieve the dull ache; (3) the wrist had improved as much as possible; (4) the wrist could be symptomatic and give pain even in light work and that there would be stiffness and pain with activity; and (5) there was a medical basis for plaintiff’s complaints of pain but since plaintiff was a hardy person this pain was not disabling to him.
In Lavergne v. Southern Farm Bureau Casualty Ins. Co., 171 So.2d 751 (La.App. 1965), the plaintiff was a common laborer who suffered an injury to the little finger of his right hand. His finger subsequently always caused him pain, particularly when he performed strenuous work such as he had previously done. The Appellate Court affirmed the conclusion of the trial judge that the plaintiff suffers “true, real pain in performing labor of the type he performed at the time of the injury. It is more of an aching pain than a crippling pain, but is sufficient in the court’s view to grant total and permanent disability.”
In Jarrell v. Maryland Casualty Company, 200 So.2d 332 (La.App. 4th Cir. 1967), plaintiff was employed as a yardman and his duties consisted of handling incoming and outgoing oilfield pipe which was treated with protective coating at his employer’s plant. He sustained a torn cartilage on the inner side of his left wrist which made him unable to perform heavy lifting and caused him to experience pain upon use. Although he had worked as a truck driver delivering gas cylinders and as a pipe-fitter’s helper, the court was of the opinion that the plaintiff was totally disabled. “We think that the pain suffered by the plaintiff was not disabling insofar as the employment he found subsequent to the injury but we do feel that he suffered a total disability, even though he be considered a common laborer, in that he could not engage in any heavy work requiring use of his left wrist. Even in the employment he obtained subsequent to his injury, it appears that he did suffer pain if he was required to use his wrist to an appreciable extent.” The court in Jarrell was unable to award plaintiff a recovery based on this finding since plaintiff had not appealed nor answered defendant’s appeal.
In Bellard v. Insurance Company of North America, 193 So.2d 922 (La.App. 1967), the plaintiff secured employment after his injury but was unable to return to his previous job. The court held:
“[1] We find, however, that, within the meaning of the jurisprudence, the plaintiff Bellard was at least a semi-skilled workman. Under the jurisprudence, a skilled or semi-skilled workman is regarded as totally disabled whenever an accident causes the loss of those physical faculties which had enabled him to earn a living performing the duties in which injured, even though despite his injuries he may be able to qualify and perform successfully other types of work. Smith v. Travelers Insurance Company, La. App., 3 Cir., 174 So.2d 241 and cases therein cited; cf., Anderson v. Rowan Drilling Co. [La.App., 3 Cir. 150 So.2d 828], cited above.”
Applying the reasoning of the foregoing cases to the facts of the present case, this court is of the opinion that plaintiff has suffered total and permanent disability and is incapable of returning to his full dutes as batch man for defendant since he cannot so work without experiencing substantial pain. Although plaintiff’s normal dull ache type pain is not sufficient to grant recovery, the fact that this pain is increased and made worse by performing his necessary duties brings him into the restricted area of making an employee work in pain and will allow his recovery of total *512 and permanent disability benefits. The judgment of the lower court is affirmed, each party to bear their own costs of appeal.
Affirmed.