BOUTALL, Judge.
Plaintiff, Roland Tambrella, brings this appeal from a judgment denying his claim against defendant, Travelers Insurance Company, for Workmen’s Compensation benefits due to total and permanent disability.
On July 23, 1966 plaintiff was employed by Phillips Construction Company as a truck driver. On that date, while on the job site, plaintiff was injured when a load of sand was dumped on him from a drag-line bucket, causing him to be covered to the waist with sand. In his struggle to release himself plaintiff injured his back and ankle. Defendant has paid plaintiff workmen’s compensation for the period of time encompassed by the dates July 25th, 1966 to October 5th, 1966.
Plaintiff contends that he is unable to perform work of a same or similar charac *588 ter as that in which he was originally engaged at the time of the injury and therefore should be deemed permanently and totally disabled. It is defendant’s contention that plaintiff has been able to return to his previous form of employment since the date on which the workmen’s compensation benefits were stopped.
After hearing the medical testimony the trial court determined that the injuries which plaintiff suffered as a result of the July 23, 1966 accident were of a comparatively minor nature and no residual effects could have resulted therefrom. After an examination of the medical testimony we arrive at the same conclusion.
On the date of the accident plaintiff was taken to Charity Hospital emergency room and was seen by Dr. Richard Faust, a general surgeon. Dr. Faust also examined the plaintiff on a number of occasions after the accident. Dr. Faust testified that he felt plaintiff was not hurting as bad as he said he was and that he bent his back better while dressing than he did for the examination. The doctor testified further that the plaintiff’s complaints showed marked exaggeration.
Dr. E. T. Haslam had treated plaintiff from April of 1962 until October of 1964 for a previous injury. He next saw plaintiff on August 12, 1969, about three years after the accident in question. Although produced by plaintiff as a witness, Dr. Haslam testified that at the time of the August 12, 1969 visit he felt that plaintiff was able to return to work. Although on a later examination he found muscle spasm and back pain, his diagnosis was that this resulted from gout, and he could not relate this condition to the accident. Also, Dr. H. R. Soboloff, an orthopedic surgeon, stated that in his opinion plaintiff was able to return to work on October 1, 1966.
Nevertheless, plaintiff insists that he continues to suffer pain of such severity that he is disabled from working. Besides the testimony of Dr. Haslam, who related the pain to gout, he offered the testimony of two other doctors. Dr. Kroll, who saw plaintiff November 2, 1966, noted plaintiff limped, favoring his left knee and found evidence of a knee injury. The record shows plaintiff had never complained of his left knee to any of the doctors prior to this visit. Dr. Wickstrom found injury to plaintiff’s left ankle (tear of the deltoid ligament) which was completely refuted by the other doctors. However both Dr. Kroll and Dr. Wickstrom felt plaintiff suffered some back pain.
Our law is well settled that an employee need not work in pain and total disability will be allowed if the employee experiences substantial pain as a result of his injury. See Perkins v. Avondale Shipyards, Inc., La.App., 245 So.2d 772 (La.App. 4th Cir., 1971); Monjure v. Argonaut Insurance Companies, La.App., 239 So.2d.488 (La.App. 4th Cir. 1970), Writs denied, 257 La. 163, 241 So.2d 528.
Although plaintiff states that he suffers severe pain when working, the medical testimony does not support such a finding. In Rutherford v. Dixie Concrete, Inc., La.App., 222 So.2d 508 (La.App. 4th Cir., 1969), the court stated the rule that an employee must work in more than “discomfort” or “slight pain” to be considered totally and permanently disabled for workmen’s compensation benefits. We agree with the trial judge that the pain plaintiff suffered was of short duration and that if he suffers pain now, it is not related to the accident.
The record does not sustain a finding that plaintiff’s ability to compete with his fellow workers has been substantially altered, or his pain is the substantial pain necessary to render plaintiff totally and permanently disabled.
For the above reasons the judgment of the trial court is affirmed, with plaintiff to pay all costs of this appeal.
Affirmed.