WILLIAMS, Judge.
This appeal by plaintiff Newman Barnes arises from a workmen’s compensation suit in which he claims total and permanent disability. Barnes was employed to slaughter and butcher animals by Lloyd Kendrick d/b/a Kendrick’s Meat Center. On October 26, 1972 Barnes alleges he slipped on the intestines and hide of a cow when he stepped off a platform and fell backward into a trough containing a metal bar.
Defendant, Lloyd Kendrick, admitted employment of Barnes, but denied plaintiff was injured while working within the course of his employment.
The trial court found plaintiff had been injured while in defendant’s employ, but plaintiff was only temporarily totally disabled and had fully recovered by February 14, 1973. Barnes was awarded workmen’s compensation at the rate of $48.75 per week, plus medical expenses for said period of time.
Barnes perfected this devolutive appeal, requesting the trial court’s judgment be amended by declaring him permanently and totally disabled under the Workmen’s Compensation Laws of this state. Kendrick seeks to have the trial court’s judgment reversed and Barnes’ suit dismissed.
Barnes is a middle-aged, illiterate man hired as a parttime common laborer by defendant, who operated a cattle and hog slaughter pen. Plaintiff did the work of slaughtering and dressing animals. He testified he hurt his back when he slipped, fell and struck his back on an iron rod. There were two witnesses to the incident: Virginia Walker, a customer of defendant, and Howard Julian, a fellow worker. *188 Both testified they saw plaintiff fall and heard him state he had hurt his back. Barnes completed his work assignment by midafternoon and because his back was hurting, hitchhiked a ride to the Summer Grove Clinic. Due to his late arrival he was instructed to return the next day. The following day Barnes was seen by Dr. John Leopard who immediately referred him to Dr. Austin Gleason, an orthopedic surgeon. Dr. Gleason examined Barnes and had X-rays made. The doctor found Barnes had a congenital defect in his back and in his opinion had suffered a fracture of the fifth lumbar vertebra.
Kendrick denied Barnes had suffered an “accident” and even if he did the “injury” was one suffered many years before and was the subject of litigation between Barnes and another employer.
As the trial court stated, there are some minor discrepancies by witnesses for Barnes and Kendrick. The preponderance of evidence leaves no question Barnes suffered an injury resulting from the accident during the course and scope of his employment.
Dr. Gleason was the only medical expert to testify. He saw Barnes the day following the accident and found him in extreme pain. He diagnosed his injury from X-rays taken as a compressed fracture of the fifth lumbar vertebra. Dr. Gleason stated Barnes last visited him April 24, 1973 and his symptoms of pain continued in the low back region. Barnes’ condition was essentially unchanged. The doctor recommended a surgical fusion at the level of injury and advised Barnes on February 14, 1973, to return to his normal activity with his brace on.
Barnes testified he continues to suffer pain in his back and has been unable to do any type of work requiring strenuous activity. One other witness, a friend of Barnes’ confirmed this.
Barnes previously drew compensation for a back injury. The record reflects there was such a claim, but it was not the same type of injury. Dr. Gleason was of the opinion the fracture was of recent origin and on Barnes’ last visit to see him in April 1973 was still suffering pain from such injury.
In Stephney v. Robertson, 219 So.2d 9 (La.App., 4th Cir. 1969) the court stated:
“ * * * The law does not expect or require an employee to work in pain in order to earn a living, and where an employee experiences substantial pain as a result of an injury, total disability will be allowed. Easterling v. Employers Liability Assurance Corp., 203 So.2d 852 (La.App., 4th Cir. 1967); Jarrell v. Maryland Casualty Company, 200 So.2d 332 (La.App., 4th Cir. 1967); . . . .” [219 So.2d 9, 16]
Kendrick further contends Barnes has a congenital defect in his back. Dr. Gleason described this as spondylolisthesis at the fourth lumbar vertebra and that this alone did not disable Barnes. It only made him more susceptible to a disabling injury. In the case of Willis v. Starns-McConnell Lumber Corporation, 255 So.2d 469 (La. App., 1st Cir. 1971) the court quotes with approval:
“We quote in further support of our holding here the following language from Lum v. Employers Mutual Liability Insurance Company of Wisconsin, 216 So.2d 889 (2nd La.App.1968), writ refused, 253 La. 642, 219 So.2d 175: ‘The principle is well established in the jurisprudence of this State that employers take employees as they find them. A worker who is abnormally susceptible to disability from an accident is protected by the provisions of the compensation statute even though the accident would have caused little or no harm to a healthy worker. Nor is it important that the diseased or weakened condition might alone eventually have produced disability. Thus, an employee’s disability is com-pensable when precipitated by an industrial accident, even though a preexisting *189 dormant physical condition or predisposition has contributed thereto.’ ” [2S5 So. 2d 469, 474]
It is this court’s conclusion Barnes’ injury, caused by an accident during the course of his employment, has rendered him totally and permanently disabled within the terms of the Workmen’s Compensation Statute of this State (LSA-R.S. 23:1221).
Barnes urges he should be allowed penalties and attorneys’ fees because of Kendrick’s arbitrary and capricious failure to pay any compensation payments. The trial court held Kendrick acted in good faith in refusing to make such payments. We believe this is correct. In Hebert v. South Louisiana Contractors, Inc., 238 So.2d 756 (La.App., 1st Cir. 1970) we find:
“Penalties are stricti juris and should be enforced only in those instances in which facts clearly negate good faith and just cause in connection with refusal of' allowance of compensation. . . .” [238 So.2d 756, 761]
For the foregoing reasons the judgment of the trial court is amended as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Newman Barnes, and against defendant, Lloyd Kendrick, declaring plaintiff to have been totally and permanently disabled from October 26, 1972, and awarding Newman Barnes workmen’s compensation benefits in the sum of $48.75 per week during such disability, not to exceed 500 weeks, together with legal interest' thereon from due date of each weekly payment until paid.
It is further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Newman Barnes, and against defendant, Lloyd Kendrick, for the sum of Eight Hundred Forty-Five and No/100 ($845.00) Dollars as medical expenses incurred by plaintiff between October 26, 1972 and February 14, .1973, with legal interest thereon from date of judicial demand until paid, reserving to plaintiff the right of recovery of any and all future medical expenses incurred in connection with plaintiff’s injury to the maximum allowed by law.
In all other respects the judgment of the trial court is affirmed. Defendant-Appel-lee is assessed with all cost.
Amended and affirmed.